WILLIAM HILLS v. ALLENDER S. MOORE ET AL.

*Attachment—Ouster of jurisdiction.*

Dissolution of attachment does not oust jurisdiction if personal service has been had; nor is it ousted by a defective bond or an alternative affidavit.

Error to St. Clair. Submitted Jan. 10. Decided Jan. 21.

ATTACHMENT. Defendant brings error. The facts are stated.

*E. G. Stevenson* and *O'Brien J. Atkinson* for plaintiff in error.

*Brown & Farrand* for defendant in error.

MARSTON, J. This action was commenced in justice's court by attachment, by virtue of which property was seized, and the defendant therein, Hills, personally summoned to appear. The affidavit, it was claimed, was defective in that it was in the alternative, that the defendant "fraudulently contracted the debt or incurred the obligation" respecting which suit was brought. The attachment bond had but one surety.

After service, but before the return day mentioned,

the writ of attachment was dissolved by a circuit court commissioner, but no order was by him made requiring the defendant to appear in the suit before the justice.

Upon the return day mentioned in the attachment the defendant by his attorney appeared before the justice and moved to quash the proceedings for want of jurisdiction. This motion having been overruled, he filed a plea in abatement to the jurisdiction of the court for the reason that the attachment had been duly dissolved. The justice without any farther proceedings overruled the same, and upon trial had, rendered judgment against the defendant. On certiorari to the circuit court the judgment of the justice was affirmed.

The defects referred to did not, nor did the dissolution of the attachment, oust the justice of his jurisdiction over the defendant. Had there been no personal service upon the defendant, and property had been seized under the writ, then a dissolution of the attachment would have deprived the court of all jurisdiction in the premises, unless the commissioner, as a condition of dissolution, had required the defendant to appear in the suit. The only effect of the defects and proceedings taken, was to release the property seized. It follows that the judgment of the circuit court must be affirmed with costs.

The other Justices concurred.