JOHN BORLAND, JR., V. GEORGE H. KINGSBURY.

65   59|
68  453|

*Justices of the peace—Attachment—Sufficiency of affidavit—Juris-diction.*

1. It is *essential* that it should appear upon the *face* of an affidavit for an attachment that it is made either by the plaintiff or by some person in his behalf.

    So *held*, where the affidavit was made by John Borland, Sr., averring an indebtedness to John Borland, Jr., in whose name the writ was issued, but contained no statement that affiant made it as agent or attorney for plaintiff, or in his behalf.[1]

2. The writ of attachment in justice's court is not an *ordinary* process by which suits are commenced, and *before* it can be issued the required statutory affidavit must be filed with the justice; and said affidavit being *essential* to confer jurisdiction, if it is not filed, or if it is defective in matter of *substance*, and its defects are not waived by a *general appearance*, the justice obtains no jurisdiction over the cause, and his acts are *coram non judice* (overruling *Hills v. Moore*, 40 Mich 210).

Error to Lapeer. (Stickney, J.) Argued January 26, 1887. Decided February 10, 1887.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Geer & Williams*, for appellant.

*Millis & White*, for defendant.

CHAMPLIN, J. The statute relative to courts held by justices of the peace enacts that the first process, except as thereinafter directed, shall be a summons, returnable not less than six nor more than twelve days from the date thereof. How. Stat. § 6826. The excepted cases are short summons by and against non-residents, attachment, warrant, and replevin.

---

[1] See *Stringer v. Dean*, 61 Mich. 197 (head-note 2); *Adams v. Kellogg*, 63 Id. 106 (head-note 2).

Section 6831 provides that any plaintiff shall be entitled to an attachment against a defendant in any action founded on a judgment, or on a contract express or implied, if such plaintiff, or some person in his behalf, shall make and file with the justice an affidavit specifying certain facts therein stated.

The plaintiff is required to file a bond, before issuing the attachment, conditioned to pay the defendant all damages and costs he may sustain by reason of the issuing of the attachment, if the plaintiff fail to recover judgment in such suit. Section 6838.

The statute then proceeds to declare what every attachment shall contain, and when and how it shall be served (sections 6839, 6840), and, although the writ contains no command to the officer to summon the defendant, yet it provides that,—

"If the attachment be returned personally served upon any of the defendants, the justice shall proceed therein in the same manner as upon a summons returned personally served." Section 6845.

The statute also provides that the defendant may give bond, in case his property is seized on an attachment issued by a justice, conditioned to deliver up the property attached to the officer if judgment shall be recovered against him in the suit; and, if for any cause, the attachment was not properly issued, he may proceed for a dissolution thereof before a cir-cuit judge or circuit court commissioner.

Borland commenced suit against Kingsbury in justice's court by attachment. Property was seized, and the writ was personally served upon the defendant within the time required by law. On the return-day he appeared specially before the justice, and moved to quash the writ of attachment, and all proceedings thereunder, for the following reasons:

1. Defects in the affidavit filed in the cause, in that it did not comply with the terms of the statute, and did not give any authority for issuing the writ.

2. Defects in the bond filed in the cause, in that it did not comply with the statute.

3. For the reason that the affidavit, bond, and writ of attachment were defective and void, and do not comply with the terms of the statute, and do not confer jurisdiction upon the court.

The motion was overruled.

The plaintiff declared upon the common counts in assumpsit, and on a promissory note filed with the justice, and claimed damages to plaintiff $100. The defendant did not enter a general appearance or plead to the declaration, and the court proceeded to the trial, and such proceedings were had that the justice rendered judgment against defendant, and in favor of plaintiff, for $100, and costs of suit, taxed at $6.08. The defendant then sued out a writ of *certiorari* to the circuit court, who reversed the judgment. The errors assigned in the affidavit for the writ of *certiorari* are as follows:

1. That the affidavit for the writ of attachment did not show that the party making it had any right or authority to make such affidavit as agent of John Borland, Jr.

2. That the affidavit did not show positively and affirmatively that the plaintiff had good and sufficient grounds for the attachment.

3. That the amended bond filed in the suit was not signed by the plaintiff as principal, and was not signed by him at all.

4. That the affidavit and bond filed in said cause did not conform to the statute, and were irregular and void.

5. That the affidavit and bond were irregular and void, and did not confer jurisdiction.

The single point presented is whether the justice had jurisdiction of the process which he issued in the suit against the defendant. The writ of attachment in a justice's court is not an ordinary process by which suits are commenced. Before the justice has any authority to issue such writ, the affidavit required by the statute must be filed. If such affidavit be not first filed, he has no jurisdiction over that form

of process.    The writ is an extraordinary one in all cases.
Ordinarily, a person has the right to the possession, control,
and disposition of his property until it is seized under or made
subject to a valid judgment rendered against him.    A cred-
itor ordinarily has no right to seize the property of his debtor
to satisfy his debt until he has first established, by the judg-
ment of a tribunal of competent jurisdiction, that the debtor
owes the debt, and the amount thereof.    Laws, therefore, which
authorize the creditor to levy upon, seize, and take the prop-
erty of the debtor from his possession and control before a
final judgment, and at the very commencement of suit, on
the mere assertion of indebtedness, should be strictly con-
strued, and it should appear that the requirements of the
statute authorizing this extraordinary remedy have been fully
complied with in letter and spirit. ´ The affidavit is essen-
tial to confer jurisdiction.    If it is not filed, or if it is
defective in matters of substance, and its defects are not
waived by a general appearance, the justice obtains no juris-
diction over the cause, and his acts are *coram non judice.*

It is claimed by the plaintiff that the affidavit is only neces-
sary for the purpose of proceeding against the property by
the attachment; and, although insufficient to authorize a
seizure of goods, yet, if the writ is personally served and
properly returned, the justice will have jurisdiction over the
person of the defendant, and is authorized to proceed to judg-
ment in the same manner as upon a return of a summons
personally served.[1]   He cites in support of this proposition the
case of *Hills v. Moore,* 40 Mich. 210.    That case does certainly
support the point contended for.    In that case the suit was
commenced before a justice by attachment.    The affidavit
was defective, and the attachment had been dissolved by a

---

[1] See *Langtry v. Wayne Circuit Judges,* 36 N. W. Rep. 211, holding
that a justice's writ of attachment does not operate as a summons,
and that personal service of the writ, unless made after levy and
accompanied by the statutory inventory, is insufficient to give juris-
diction over the defendant.

circuit court commissioner. The defendant appeared specially, and interposed a plea in abatement to the writ, based upon the insufficiency of the affidavit. The plea was overruled, the defendant refused to appear generally, and took no further part in the trial. The justice proceeded *ex parte*, and tried the case, and rendered judgment for the plaintiff. This Court held the judgment valid. It was there said that—

" The defects referred to did not, nor did the dissolution of the attachment, oust the justice of his jurisdiction over the defendant. Had there been no personal service upon the defendant, and property had been seized under the writ, then a dissolution of the attachment would have deprived the court of all jurisdiction in the premises, unless the commissioner, as a condition of dissolution, had required the defendant to appear in the suit. The only effect of the defects and proceedings taken was to release the property seized."

Upon a review of the statutes relating to proceedings in justices' courts, and of our previous decisions, we are not satisfied that the case of *Hills v. Moore* was correctly decided.

It has uniformly been held that the proceedings in attachment must be in strict compliance with the statute. *Greenvault v. Farmers' & Mechanics' Bank*, 2 Doug. (Mich.) 498; *Buckley v. Lowry*, 2 Mich. 420; *Tannahill v. Tuttle*, 3 Id. 118; *Roelofson v. Hatch*, Id. 278; *King v. Harrington*, 14 Id. 532; *Mathews v. Densmore*, 43 Id. 461; *Van Norman v. Jackson Circuit Judge*, 45 Id. 204; *Fairbanks v. Bennett*, 52 Id. 61.

And it has also been held that the affidavit for attachment was necessary to give the court jurisdiction. *Greenvault v. Farmers' & Mechanics' Bank*, 2 Doug. (Mich.) 498; *Hale v. Chandler*, 3 Mich. 531; *Mathews v. Densmore*, 43 Id. 465; *People v. Blanchard*, 61 Id. 478.

To hold that the only consequence of a defective affidavit is to release the lien upon the property seized, would render this process liable to great abuse. The plaintiff would incur no risk in commencing suit in this way. The property of the

defendant might be wrongfully seized, and taken from the possession of the owner; yet if, upon dissolution of the attachment, the plaintiff could still proceed to judgment in the suit, he could thus satisfy the condition of the bond, and leave the defendant remediless thereon. *Hahn v. Seifert,* 64 Mich. 647. The only way to protect the rights of the defendant, and afford a remedy on the bond for a causeless attachment, is to hold that if the lien is lost, either through a defective or false affidavit, the jurisdiction to proceed further in the suit is gone for want of jurisdiction over the process, and thus prevent the use of this extraordinary remedy as an ordinary one to bring a defendant into court and obtain a personal judgment. We therefore overrule the decision announced in *Hills v. Moore.*

It remains to consider whether the affidavit in the present case is fatally defective. The statute requires the affidavit to be made by the plaintiff, or by some one in his behalf. In this case the affidavit was not made by the plaintiff, and it does not appear from the affidavit that it was made by any person in his behalf. We consider it essential that it should appear upon the face of the affidavit that it is made either by the plaintiff or by some person in his behalf. *Burnside v. Davis, post.* 74.

We do not think the affidavit was sufficient, for the reason stated, to confer jurisdiction upon the justice, and the judgment of the circuit court is affirmed.

The other Justices concurred.