LILLIE LANGTRY v. WAYNE CIRCUIT JUDGES.

*Justices of the peace—Attachment—Service—Summons—Jurisdiction to render judgment—Non-resident defendants.*

1. In *Borland v. Kingsbury*, 65 Mich. 59, it was held that personal service of a writ of attachment and inventory would not give jurisdiction if the affidavit was insufficient.

2. A justice's writ of attachment does not operate as a summons, and personal service of the writ, unless made after levy and accompanied by the statutory inventory, is insufficient to give jurisdiction over the defendant.

3. The policy of the statute in regard to non-residents requires that they shall have a speedy hearing, and if *actually* summoned they have no delay beyond four days to keep them from going to trial.

Application for *mandamus* to set aside attachment proceedings.    Submitted January 24, 1888.    Granted February 2, 1888.    The facts are stated in the opinion.

*George H. Prentis*, for relator.

*T. S. Jerome*, for respondents.

CAMPBELL, J.    Relator asks to have certain proceedings set aside for want of jurisdiction in a justice to render judgment against her on the default which was entered.

Suit was brought against her before a justice of Wayne county by attachment.    The ground of the attachment was her non-residence, and no question is made on the sufficiency of the affidavit.    The writ is a statutory one, and the form is given in section 6839, How. Stat.    It is upon this that the controversy arises.

The statute declares as follows:

"Every attachment shall state the amount claimed by the plaintiff, and shall command any constable of the county in

which the justice resides to attact so much of the goods and chattels of the defendant (except such as are exempt by law from execution), as will be sufficient to satisfy such demand, and safely keep the same to satisfy any judgment that may be recovered by the plaintiff in such attachment, and to return the same at a time therein to be specified, not less than six nor more than twelve days from the date thereof."

It will be observed that the writ contains no summons clause, and that a summons against a non-resident must be made returnable not less than two, nor more than four, days from the date thereof. Section 6830.

Section 6840 provides how an attachment shall be executed. It is to be executed at least six days before the return-day, by seizing a sufficient amount of goods and chattels to satisfy the claim and costs, and making an inventory thereof, and serving a copy of said attachment and inventory on the defendant, if found within the county. If defendant is not found in the county, a copy of the attachment and inventory is to be served at defendant's last residence, or on the person in whose possession the goods are found.

By section 6850 it is provided that there shall be no judgment unless (1) on seizure of property of one or more defendants, or (2) on personal service of process or appearance, or (3) where a garnishee's liability has been fixed.

Respondents claim that the attachment operates as a summons, and service of it personally is sufficient with or without service on property and service of inventory. Relator claims that the writ is not a summons, and cannot be served except as directed by the statute.

Proceedings by attachment are entirely statutory in their inception, and we must look to the statutes to ascertain their requisites. The form of a summons is given by section 6826, and that contains a distinct warning to the defendant to appear. There is no such warning in the attachment writ, which merely requires a seizure of property for safe-keeping. If the attachment is personally served, the subsequent pro-

ceedings are as in case of summons.   Otherwise there must be a continuance.   Section 6846.

The question before us has never been distinctly presented before.   In *Borland v. Kingsbury,* 65 Mich. 59 (31 N. W. Rep. 620), it was held that personal service of the writ and inventory would not give jurisdiction if the affidavit was insufficient.   If the writ could be regarded as a summons, that ruling would have been exceptional.   But it rested on the ground that attachment proceedings had no foundation outside of statutes, and must therefore in all things essential conform to them.

The statute concerning attachment proceedings in circuit courts differs from that relating to justices of the peace, by giving a form containing a summons clause, directing the sheriff to summon the defendant, if to be found within his county, or any county where he may have seized property, and the writ is to be tested and returnable like other writs. Except as possibly limited by some other statutory conditions, this does not differ from any other mesne process, and is a qualified summons.

The difference between the two classes of writs of attachment cannot be regarded as accidental.   It is a radical difference in the exigency of the writ, which must have some effect given to it.   And the statute expressly declares how personal service is to be made, which is only made after levy and inventory, and by service of a copy of that with the writ. When reference is afterwards made to giving judgment in case of personal service, it must mean the personal service just mentioned, made after property is levied upon.

The policy of the statute in regard to non-residents requires that they shall have a speedy hearing, and if actually summoned they have no delay beyond four days to keep them from going to trial.   If an attachment can be made to serve the same end, it would be very easy to evade this, as the

affidavit need not state that any property is within the county, and the process might be grossly abused.

In our opinion the service on relator was a nullity, and she should have the relief prayed, and the suit should be dismissed.

The other Justices concurred.