Motion to dismiss appeal denied July 23; argued December 20, 1929; reversed with directions March 4, 1930

FLETCHER ET AL. *v.* SOUTHERN OREGON TRUCK CO. ET AL.

(285 P. 813)

*E. Earl Feike* of Portland (Robert R. Rankin of Portland on the brief) for appellants.

*Robin D. Day* of Salem for respondents.

BEAN, J. This is a suit to foreclose a statutory lien upon a motor truck. The lien is claimed under section 10272, Or. L. After a hearing the circuit court rendered a decree dismissing the complaint, and plaintiffs appeal.

The defendant, Southern Oregon Truck company, to which we will refer as the Southern Oregon com-

pany, operated a truck line in southern Oregon. The plaintiffs sold to the Southern Oregon company some truck tires for which plaintiffs claim a lien upon the truck in question. The Southern Oregon company is insolvent and made no appearance in the case. The defendant Marion Automobile company was the owner of the legal title of the truck in question by virtue of a conditional sales contract under which the Southern Oregon company held possession. The Marion Automobile company repossessed the truck. The defendant H. & H. Truck Line, Inc., purchased the truck in question under a conditional sales contract after the defendant Marion Automobile company had repossessed the same.

The lien in this suit was first sent to the sheriff of Lane county, Oregon, who at the direction of the plaintiffs took possession of the truck and mailed notices to the defendant Marion Automobile company. The Marion Automobile company filed its denial within the fourteen-day period in compliance with chapter 322, General Laws of Oregon for 1925. Within ten days thereafter plaintiffs filed their complaint in the circuit court for Lane county, Oregon, asking that said lien be foreclosed. Within the prescribed time an answer was filed by the Marion Automobile company; thereafter the case was dismissed without prejudice upon the request of plaintiffs; immediately thereafter plaintiffs secured another certified copy of the lien and turned same over to the sheriff of Lane county with instructions to take possession of the truck involved herein. In compliance with the instructions the sheriff took possession of the truck and mailed notices to the defendants, Marion Automobile company and H. & H. Truck line, Inc. Within fourteen days after the notices had been received, respondents filed

with Sheriff Taylor of Lane county their denial. Plaintiffs failed to file their complaint in the circuit court for Lane county within the ten-day period as prescribed by chapter 322 of the General Laws of Oregon for 1925. Thereafter, Sheriff Taylor of Lane county released the truck from the levy and returned the truck to the respondents.

Several months thereafter plaintiffs secured a certified copy of the lien notice and turned the same over to the sheriff of Multnomah county, Oregon, and instructed him to take possession of the truck. The sheriff of Multnomah county did as instructed and served written notice on the respondents. Respondents filed their denial, setting forth the facts therein. On May 29, 1928, and within the ten-day period plaintiffs filed this suit.

The respondents by their answer set up the former proceedings had in the matter prior to the institution of this suit, including the commencement of the former suit in Lane county and the dismissal thereof, claiming that the same settled and determined this controversy and was *res adjudicata*. The circuit court, upon motion of plaintiffs, struck out a portion of the new matter of the defendants' answer and sustained a demurrer to the balance thereof. No amended answer was filed thereafter and the case went to trial before another judge than the one who sustained the motion to strike and the demurrer to the new matter in the answer. After the trial the learned judge stated "that the preponderance of the evidence is that the material went on the truck," but as to the legal proposition took the matter under advisement and afterwards dismissed the complaint.

There was, therefore, no pleading on the part of the respondents showing that the issues set forth in

plaintiffs' complaint had been adjudicated. We think the motion to strike out a portion of the new matter of the answer and the demurrer to the remainder of the new matter of the answer of respondents were properly sustained.

■■ A former adjudication is the decision of the court in a prior suit between the same parties involving the same facts and rendered upon the merits of the controversy: *O'Hara v. Parker,* 27 Or. 156 (39 P. 1004); *Crow v. Abraham,* 86 Or. 99 (167 P. 590); *Haney et al. v. Neace-Stark Co.,* 109 Or. 93 (216 P. 757, 219 P. 190). In the suit in Lane county commenced for the foreclosure of the lien in question there was no trial and no decision upon the merits of the question. It is a settled rule that a judgment or decree of dismissal not involving the merits or without prejudice to the plaintiff is not a bar to a subsequent action or suit: 15 R. C. L., p. 982, § 455; *Haney et al. v. Neace-Stark Co.,* supra.

■ A plaintiff has the right to dismiss a suit before trial and such dismissal will not bar another suit for the same cause or any part thereof: Or. L., § 410; *Bank of Jordan Valley v. Duncan,* 105 Or. 105 (209 P. 149). In the latter case the defendant introduced in evidence a judgment roll of another case which showed that the former proceedings had been dismissed without prejudice and Mr. Justice BURNETT in the opinion states thus:

"Over the objection of the plaintiff, the defendant submitted in evidence the judgment roll in a case entitled *Beverly v. Duncan,* the defendant here, showing that prior to the commencement of this action Beverly had instituted action against the present defendant on this same promissory note, averring himself to be the owner thereof and demanding judgment for its amount. Issues were joined and afterwards, as the judgment roll shows, without further proceeding,

the action was dismissed without prejudice. The effect of the dismissal without prejudice was, so far as the action was concerned, to restore the parties to their former position, one way or the other."

In the case of *Haney v. Neace-Stark Co.,* supra, the court said in part:

"But, regardless of the deficiency in the pleading, the pertinent fact is that the court refused to decide a specific issue upon its merits; and, hence, there being no decision, there was no adjudication as to that issue.

"To adjudicate is: 'To settle in the exercise of judicial authority. To determine finally. Synonymous with "adjudge" in its strictest sense: *United States v. Irwin,* 127 U. S. 125 (32 L. Ed. 99, 8 S. Ct. 1033; see also Rose's U. S. Notes).' Black's Law Dictionary."

It is claimed by respondents, in effect, that, when the officer released the levy upon the truck taken into his possession by virtue of the notice in the former proceedings, the plaintiffs abandoned their lien. It is clear that only the levy upon the truck was released and not the lien. It is also suggested that the commencement of the former proceedings by the plaintiffs was an election of a remedy and, as they were not prosecuted to final determination, the plaintiffs had no further remedy.

■ According to the weight of authority the mere commencement of any proceeding to enforce one remedial right, in a court having jurisdiction to entertain such proceeding, is such a decisive act as constitutes a conclusive election, barring the subsequent prosecution of inconsistent remedial rights, but

"a party cannot be estopped from prosecuting an action, unless he has previously elected to proceed upon a theory entirely inconsistent with the one which he later endeavors to proceed upon." 20 C. J. 29, § 20.

■ The former proceedings had by plaintiffs in the commencement of the foreclosure were not inconsis-

tent with the present suit. It was the pursuit of the same kind of a remedy. It was not an election of a remedy. If the pleadings had been in proper condition for the court to entertain the question of *res adjudicata,* the facts in the case would not warrant the decree rendered herein, which is reversed.

A decree will be directed to be entered in favor of the plaintiffs and against the defendant, Southern Oregon Truck company, for the sum of $604.75, with interest thereon from September 3, 1927, at the rate of 6 per cent per annum until paid; also for the sum of $3.50 for fees expended in securing and filing said lien; and for the further sum of $100 attorney's fees, and for the costs and disbursements, and that all of said sums be decreed to be a lien upon said White truck, motor number 13873, and that the same be sold by the sheriff according to law, and that the proceeds of said sale, less costs and expenses thereof, be paid to plaintiffs to satisfy said judgment and that the plaintiffs have a judgment for any deficiency there may be against Southern Oregon Truck company.

And it appearing to the court that the respondent Marion Automobile company delivered to the sheriff of Multnomah county an undertaking executed by —— ——, sureties, in the sum of $——, conditioned that they will redeliver said truck, in like order as when seized, or in lieu thereof to pay to the plaintiffs any judgment which they might recover against the defendants, it is hereby directed that the principal upon said undertaking and the surety forthwith surrender said chattel to the sheriff of Multnomah county or in lieu thereof to pay to the plaintiffs the amount of said judgment and decree.

Coshow, C. J., and Belt, J., concur.