Argued July 18; affirmed September 12, 1933

## FLETCHER TIRE CO. *v.* MAHLER ET AL.

(24 P. (2d) 1028)

*Will H. Masters,* of Portland, for appellant.

*Robert R. Rankin,* of Portland (Bert S. Gooding, of Portland, on the brief), for respondent.

BELT, J. This is a suit to foreclose four liens for materials furnished and labor performed at the request of Ray Mahler on an automobile truck purchased by him from Wentworth & Irwin, Inc., on a conditional sales contract. Upon default in payment, the seller repossessed the truck and resold it under a conditional

sales contract to the defendant A. L. Mariman. From the decree of foreclosure, the defendant, Wentworth & Irwin, Inc., appeals.

The four causes of suit are based upon the following summary of facts:

| Date labor performed and material furnished | Amount | Date of lien |
|---|---|---|
| April 24, 1929 | $158.40 | June 3, 1929 |
| June 19, 1929 | 93.40 | July 16, 1929 |
| July 25, 1929 | 146.20 | August 10, 1929 |
| June 20, 1930 | 89.95 | August 13, 1930. |

Lien notices of the first, second and third causes of suit were filed and certified copies thereof delivered to the sheriff of Multnomah county, Oregon, on January 4, 1930, and of the fourth on June 19, 1931. It thus appears from the record that certified copies of all the lien notices were delivered to the sheriff of Multnomah county for service within one year after the labor was performed and the materials furnished on the automobile truck in question.

It is stipulated that the sheriff of Multnomah county, after the exercise of reasonable diligence, was unable to serve the lien notices in Multnomah county and that subsequently the truck was located as operating in Tillamook and Lincoln counties and in the possession of the defendant Mariman.

Certified copies of the lien notices were sent to the sheriff of Tillamook county on the 15th day of August, 1931, but upon advice and confirmation that the truck was being operated in Lincoln county, such officer, at the request of plaintiff, forwarded the copies of the lien notices to the sheriff of Lincoln county. On the 27th day of August, 1931, said notices were served upon the defendants together with the duly certified bill of particulars. After the sheriff of Lincoln county took

the truck into his possession, the defendant Wentworth & Irwin, Inc., on August 31, 1931, served upon him a denial of said liens and the bill of particulars, together with an undertaking for the release of the truck. Within 10 days thereafter, the plaintiff instituted suit in the circuit court for the foreclosure of the liens.

It is the contention of appellant that, under the statute, these liens expired one year from the time the labor was performed and the materials furnished and that it is immaterial that foreclosure proceedings were instituted in Multnomah county within the year since such proceedings were abandoned. It further contends that even though proceedings had been instituted to foreclose these liens within one year it was incumbent upon the plaintiff to prosecute such proceedings to completion before the year had expired.

■ Section 51-501, Oregon Code 1930, so far as material herein, provides:

"Every person * * * shall have a lien upon said chattel for the contract price for all such expenditure, or in the absence of such contract price, for the reasonable worth of such expenditure for a period of one year from and after such expenditure, notwithstanding the fact that the possession of such chattel has been surrendered to the owner, or lawful possessor thereof."

Section 51-506, Oregon Code 1930, as amended by chapter III, Laws of Oregon, 1931, provides the methods of foreclosure, viz.: (1) Suit in the circuit court or (2) advertisement and sale of the chattel. The second method is a simple, inexpensive and expeditious one and may be followed to completion unless some person having an interest in the chattel delivers to the sheriff within the time specified a "verified denial of any allegation contained in said lien notice or bill of

particulars". In the event such denial is delivered to the sheriff, the method of advertisement and sale is no longer efficacious, and the lien must then be foreclosed by suit in the circuit court. It will thus be seen that neither method is exclusive but that one supplements the other.

It is clear from the record that proceedings were instituted in Multnomah county to foreclose the liens prior to the expiration of the one-year period. When the lien notices were forwarded to the sheriffs of Tillamook and Lincoln counties there was no abandonment of the original proceedings, but a continuation thereof. Neither do we think that after the proceedings were commenced it was necessary to bring the same to final adjudication before expiration of the year. If such were the rule, dilatory pleadings would be the order of the day.

As we construe section 51-501 of the code, the one-year period is a limitation upon the time within which foreclosure proceedings must be commenced. If such proceedings are not commenced within one year after the work is performed or the materials furnished the lien expires. This is the first time the precise question involved herein has been before this court for consideration. It is idle to refer to dissimilar statutes from other jurisdictions or to review decisions based thereon. The case nearest in point is *Fletcher v. Southern Oregon Truck Co.*, 132 Or. 338 (285 P. 813). It supports the theory of the respondent.

The decree of the lower court is affirmed. Plaintiff is entitled to costs and disbursements.

RAND, C. J., ROSSMAN and BEAN, JJ., concur.