Argued February 13; affirmed March 20; rehearing denied
April 3, 1945

# COLUMBIA AUTO WORKS, Inc., *v.* YATES

(156 P. (2d) 561)

Before BELT, Chief Justice, and ROSSMAN, KELLY, BAILEY, LUSK, BRAND and HAY, Associate Justices.

*Charles S. Yates,* of Portland, in *pro. per.*

*David H. Fertig,* of Portland (Myer C. Rubin, of Portland, on the brief), for respondent.

KELLY, J.

One of the two major questions presented by this appeal is whether the order of the district court denying defendant's motion to vacate the judgment and decree of foreclosure is an appealable order.

■ The solution of this question lies in determining whether this case comes within either of two purported exceptions to the general rule that an order refusing to vacate an appealable order, judgment or decree is not an appealable order.

One of those exceptions which defendant invokes is that where the original judgment order or decree is void an appeal will lie from an order refusing to vacate it.

The other exception invoked here is one that applies to a case where unless an appeal is permitted from the order refusing to vacate the original judgment, order or decree, the litigant will be deprived of a substantial right which could not be disclosed or presented to the appellate court by an appeal from the judgment or decree.

■ The other major question arises because defendant contends that the time for appealing from the original judgment and decree of the district court to the circuit court had not elapsed when service of his notice of appeal was accepted and said notice was filed.

This last mentioned contention is based upon the argument that because the act of the legislature, providing that certain procedural statutes pertaining to justice courts were and are applicable to district

courts, did not include a reference to the provision of the code of civil procedure by the terms of which the period of thirty days is fixed as the time within which an appeal may be taken to the circuit court, this last above mentioned provision was repealed and the period of time expressly prescribed for appealing to the supreme court, namely, sixty days after the entry of the judgment order or decree appealed from was thereby substituted as the statutory time for appealing to the circuit court.

Defendant's notice of appeal to the circuit court having been filed less than sixty days after the entry of the original judgment and decree of the district court, defendant, upon the argument, just stated, contends that seasonably he took appeal from such original judgment and decree.

The record discloses that on the 22nd day of December, 1941, plaintiff instituted a suit in the district court of Multnomah County to foreclose a mechanic's lien upon defendant's automobile. Seasonably, defendant filed an answer to plaintiff's complaint and plaintiff replied to defendant's answer.

Upon the issues thus joined, a trial was had, and, upon April 9, 1942, a judgment in favor of plaintiff and against defendant was awarded and a decree in favor of plaintiff was rendered foreclosing plaintiff's lien and ordering the sale of defendant's automobile.

On April 17, 1942, defendant filed a motion, which, omitting the title and subscription, is as follows:

"Comes now the defendant 'In Personam' and moves the Court as follows:

I

Moves the Court for an order setting aside and vacating the decree heretofore entered in the above

entitled suit and the entry of judgment of dismissal of plaintiff's complaint, on the ground, that it appears from the pleadings, that the Court has not jurisdiction on the subject of the suit, and on the further ground that the facts stated in the pleadings of the plaintiff do not constitute a cause of suit; that neither of said objections have heretofore been taken herein by demurrer or answer.

II

1. Defendant further moves the Court for an order recalling and quashing the execution issued herein on April 9, 1942, and

2. For an order directing the sheriff of Multnomah County, Oregon to stay said execution and postpone the sale of defendant's property under said execution, set to be held on Tuesday the 21st day of April 1942, until the further order of this Court.

The affidavits hereto attached are made a part and portion hereof.''

Attached to said motion were two affidavits, one by Don Breakey to the effect that the Coast Finance Company was the owner and holder of a chattel mortgage upon defendant's automobile; that prior to the commencement of this suit there appeared upon the records in the office of the secretary of state such a lien in favor of said Coast Finance Company; that said chattel mortgage still remains unpaid; that no lien notice was mailed to the Coast Finance Company and that said Coast Finance Company was not made a party to plaintiff's suit nor served with any process of said foreclosure suit.

The other affidavit attached to said motion was made by defendant to the effect that he was the owner of the automobile in suit; that the sheriff of Multnomah County took possession of it on or about November 28,

1941, and that no copy of "Notice of Lien Upon Chattels", set forth as Exhibit A in plaintiff's complaint, was ever mailed by plaintiff or received by defendant.

On the 20th of April, 1942, an order was made by the judge of the district court directing the sheriff to postpone said sale to the 28th day of April, 1942, or until the further order of said court.

On May 22, 1942, an order was made by the district court denying defendant's motion to set aside the decree and quash said execution, which order also vacated the order postponing the sale upon execution.

Defendant's notice of appeal to the circuit court was filed on May 25, 1942, service thereof upon plaintiff on said day being accepted.

Defendant argues that because by subdivision (a) of section 13-304, O. C. L. A., sections 28-303, 28-310, 28-326, 28-332 and 28-333, O. C. L. A., and the provisions concerning witness fees, costs and disbursements in justice courts are made applicable to district courts, and the provision in section 10-803, O. C. L. A., to the effect that, unless notice of appeal is given when the judgment, order or decree is entered, an appeal to the circuit court must be taken within thirty days after the entry of the judgment, order or decree appealed from, was not and is not expressly made applicable to district courts, such provision in section 10-803 to the effect that unless the notice of appeal is given when the judgment, order or decree appealed from is entered, appeals to the supreme court must be taken within sixty days of such entry, thereby became applicable to appeals from the district court to the circuit court.

One answer to defendant's argument is to be found in the fact that the sections made applicable to district

courts by the provisions of subdivision (a) of section 13-304, O. C. L. A., pertain to procedure in justice courts exclusively, while the phrase in section 10-803, O. C. L. A., not mentioned in said subdivision (a) of section 13-304, O. C. L. A., in part, at least, pertains to procedure in the circuit court in that it directly fixes the time within which an appeal, by service of a written notice of appeal, after the entry of a judgment order or decree, may be taken and jurisdiction thereby conferred upon the circuit court. Such a provision could not be repealed by any mere omission in legislation restricted to procedure in justice courts only.

Another answer to defendant's argument presents itself when we bear in mind that without the provision in section 13-304, fixing the time within which an appeal may be taken to the circuit court there would be no definite time therefor provided by statute. If, in such a case, a reasonable time would be deemed to be implied, it would indeed be presumptuous to say that a limitation of thirty days is not reasonable in the face of the fact that ever since 1870 the legislature has so limited such appealable period, not only by the statute of 1870 (Laws of Oregon 1870, pp. 27-36 inc.) but in 1899 (Laws of Oregon 1899, p. 229), also in 1901 (General Laws of Oregon 1901, pp. 77, 78), again in 1913 (General Laws of Oregon 1913, ch. 319, p. 617) and again in 1927 (General Laws of Oregon 1927, ch. 163, pp. 177, 178).

Another answer to defendant's argument upon this point is found in the restrictive nature of the title of the original act of which subdivision (a) of section 13-304, O. C. L. A., is an amendment. That title reads:

"An act to create district courts in cities of 100,000 population or more, defining their jurisdic-

tion, providing districts over which their jurisdiction shall extend, providing a system of practice and procedure therefor, providing for appointment and election of judges therefor, and their salary; providing for a clerk and deputies therefor, and their salaries, and providing for the abolishment of justice's courts in such cities, and repealing Sections 3164, 3165, 3166, 3167, 3168, 3169, 3170, 3172, 3173, 3174, 3175, 3176, 3177 and 3178 of Lord's Oregon Laws, and amending Section 3164 of Lord's Oregon Laws, and repealing all acts and parts of acts in conflict herewith." General Laws of Oregon 1913, ch. 355, p. 732.

The title to the original act embracing section 3164 of Lord's Oregon Laws reads:

"An act to provide for and regulate the office of Justice of the Peace and Constable." Laws of Oregon 1891, p. 97.

The title to the act of 1929, amending the original act of which subdivision (a) of section 13-304, O. C. L. A., is a part is as follows:

"An act to amend section 948-6, Oregon Laws, relating to procedure in district courts." General Laws of Oregon 1929, ch. 302, p. 330.

The title to the act which enacted said section 13-304, O. C. L. A., as it now appears, is as follows:

"An act to enlarge the jurisdiction of district courts and to amend sections 28-1102, 28-1104, 28-1105, 28-1106, 28-1107, 28-1108, 28-1109, 28-1110, 28-1111 and 28-1112, Oregon Code 1930, as amended by Chapters 14 and 19 Oregon Laws 1931." Oregon Laws 1935, Ch. 401, p. 650.

Except section 28-1106, above mentioned, the sections of Oregon Code 1930, mentioned in the foregoing title comprise part of Chapter 355, General Laws of Oregon 1913, the title to which is above set out.

Section 28-1106 deals exclusively with criminal jurisdictions and procedure in district courts.

The title to Chapter 14, Oregon Laws 1931, reads:

"An act to amend section 28-1112, Oregon Code 1930, and giving judges of the district court authority to pass upon questions of law and to instruct juries."

The title to Chapter 19, Oregon Laws 1931, reads:

"An act to amend section 28-1105, Oregon Code 1930, relating to district courts in counties of 100,000 or more."

It is obvious that any attempt to legislate upon the procedure, and especially jurisdictional procedure, of circuit courts would be beyond the scope and purview of the titles above quoted. Moreover, we are not confronted with the contention that there is an express repeal of the provision limiting the time within which an appeal by means of the service of a written notice thereof may be taken to the circuit court, but only repeal by implication.

For these reasons, we hold that no change or amendment has been made in the statutory provision that appeals to the circuit court, when not taken at the time of the entry of the judgment, order or decree appealed from must be taken within thirty days thereafter.

■ The time within which an appeal may be taken in such manner to the circuit court from a judgment or decree of the district court being thirty days from the entry thereof, (Section 13-310 and 28-402, O. C. L. A.) and the interval of time from April 9, 1942 to May 25, 1942, being more than thirty days, it follows that defendant did not file his notice of appeal from the

action of the district court in time to confer jurisdiction upon the circuit court, unless the order of the district court denying defendant's motion to vacate and set aside the decree of foreclosure and quash the execution thereon is an appealable order.

To the point that an order overruling a motion for judgment on the pleadings is appealable, defendant cites *Electrical Products Corporation v. Ziegler Drug Stores, Holton v. Holton, Macartney v. Shipherd, Mitchell & Lewis Co. v. Downing,* and *Winters, et al., v. Grimes, et al.*

*Electrical Products Corp. v. Ziegler Drug Stores,* 157 Or. 267, 273, 68 P. (2d) 135, holds that a judgment on the pleadings in favor of plaintiff in a sum less than plaintiff claimed against a garnishee is an appealable order. There it is noted that a garnishment proceeding partakes of the nature of and is in all essentials a separate action or suit against the person garnished.

*Holton v. Holton,* 64 Or. 290, 294, 129 P. 532, 48 L. R. A. (N. S.) 779, deals with a *nunc pro tunc order* permitting an amendment to plaintiff's complaint in a divorce suit changing the word "defendant" therein to the word "plaintiff" by which change the complaint for the first time contained an averment that plaintiff was an inhabitant of Oregon at the commencement of the suit and for one year prior thereto. This amendment was permitted on May 15, 1911, almost fifteen months after the rendition of the decree of divorce, and the findings of fact were also changed in the same manner. This court held that—

"Although the order of May 15, 1911, was void because out of time and dependent upon a proceeding originally void, yet it is none the less appeal-

able. Smith v. Ellendale Mill Co. 4 Or. 70, Sturgis v. Sturgis, 51 Or. 10, (93 Pac. 696, 15 L. R. A. [N. S.] 1034, 131 Am. St. Rep. 724).''

The doctrine of the case of *Macartney v. Shipherd,* 60 Or. 133, 139, 117 P. 814, is that the denial of a motion for a new trial is not appealable. There this court distinguishes the case of *Mitchell & Lewis Co. v. Downing,* 23 Or. 448, 32 P. 394, Ann. Cas. 1913D, 1257, from *Macartney v. Shipherd,* supra, by calling attention to the fact that the earlier case is one wherein the attack upon the judgment was based upon the section of the statute empowering the court to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. It is there stated that in a proper sense, application for relief under that section of the statute is an original proceeding in which an independent judgment may be entered.

*Winters, et al. v. Grimes, et al.,* 124 Or. 214, 216, 264 P. 359, holds that a decree is not appealable which held defendants' attempted plea in bar bad and required defendants to account to plaintiffs and required defendants to produce at the time and place designated all of defendants' books, records and other named documents so that an accounting might be rendered to plaintiffs. Citation of Oregon cases, deciding what judgments orders or decrees are appealable, is given in the Winters-Grimes opinion.

In the above noted cases cited to the point, that the refusal to enter a judgment on the pleadings is appealable, we find no support to defendant's contention that an order denying a motion to vacate a judgment, order or decree, is appealable.

To the point, that the legislative act, chapter 401, Oregon Laws 1935, p. 650, enlarged the time for appeal from the district court to sixty days until the reenactment of subdivision 5, section 10-803, O. C. L. A., by chapter 119, Oregon Laws 1943, pp. 132, 133, defendant cites *Fain v. Amend, Shirley v. Birch* and *Olson v. Heisen.*

The doctrine of *Fain v. Amend,* 164 Or. 123, 100 P. (2) 481, is that where fraud is alleged in plaintiff's reply as the procuring cause and basis of a judgment for plaintiff in forcible entry and detainer, which forcible and detainer judgment, if valid, constitutes a complete defense to plaintiff's cause of action upon an alleged contract, whereby defendant agreed to pay plaintiff . $300 for the surrender of the possession of the premises in suit, the issue of fraud should be tried as a suit in equity and the proceedings in the action should be stayed until that issue had been so tried. There is no suggestion that the time for appealing to the circuit court was enlarged.

*Shirley v. Birch,* 16 Or. 1, 18 P. 344, was decided in January of 1888. It is obvious that it did not and does not construe the meaning of legislation enacted in 1935. We pause, however, to quote from Judge Thayer's opinion in that case:

> "These two cases [Oliver v. Harvey, 5 Or. 361 and Dolph v. Nickum, 2 Or. 202] represent the general current of decisions in this State upon the subject of appeals. The mode has invariably been regarded as a distinct and independent proceeding, to bring the judgment or decree from the Circuit Court to this court in order to adjudge as to alleged errors of the former court; and to attempt to hold that it is a continuance of the action or suit in which the judgment or decree appealed from is

entered, and not a new proceeding under the general view of the subject adopted by the courts of the State as appears from the adjudications, would exhibit upon our part, in my opinion, a lack of candor." Shirley v. Birch, supra.

*Olson v. Heisen,* 90 Or. 176, 175 P. 859, also was decided years before the enactment of Chapter 401, Oregon Laws 1935. The doctrine of the case does not suggest any enlargement of the time to appeal to the circuit court. The principle there announced is that where there is partial inconsistency between the purview of an act and a proviso therein, the proviso will control.

■ We think it unnecessary to discuss the question as to the propriety of the circuit court's action in entering judgment against defendant as given in the district court when defendant's appeal to the circuit court was dismissed further than to quote the statute prescribing the procedure to be followed when the circuit court dismisses an appeal from a justice court:

"The appellate court may dismiss an appeal from a justice's court if the same be not properly taken and perfected. When an appeal is dismissed the appellate court must give judgment as it was given in the court below, and against the appellant for the costs and disbursements of the appeal. When judgment is given in the appellate court against the appellant, either, with or without the trial of the action, it must also be given against the sureties in his undertaking, according to its nature and effect." Section 28-411, Vol. 3, O. C. L. A. p. 575.

The learned judge of the circuit court merely adopted the course enjoined by the terms of the foregoing section of the statute. Such a course could not in any event confer jurisdiction upon the circuit court.

That would or could result only by a seasonable appeal from an appealable order perfected in accordance with the statutory provisions concerning appeals to the circuit court.

Holding, as we do, that the time to appeal from a judgment, order or decree if the district court when no notice of appeal is given at the time of the entry of such judgment, order or decree, has not in any way been enlarged or changed, but ever since 1870 has continued to be fixed at thirty days after the rendition of such judgment, order and decree and also bearing in mind that the decree of foreclosure entered by the district court was an appealable order, we are confronted with the general rule which is that an order denying a motion to vacate an appealable judgment, order or decree is not appealable. *Nichols v. Nichols,* 174 Or. 290, 143 P. (2d) 663; *Purdy v. Winters' Estate,* 85 Or. 188, 159 P. 1091; 166 P. 536; *Hewey v. Andrews,* 82 Or. 448, 159 P. 1149, 161 P. 108, and authorities there cited.

In some jurisdictions, however, the exceptions to this general rule embrace those cases where the judgment, order or decree sought to be vacated is void. 4 C. J. S., Subject: Appeal and Error, p. 269, section 132, note 46, citing *Flynn v. Davidson,* 80 Or. 502, 157 P. 788; *Frostproof State Bank v. Mallett,* 100 Fla. 1464, 131 So. 322; *Milton Land and Investment Co. v. Our Home Life Insurance Co.,* 81 Fla. 227, 89 So. 636; *Gasser v. Spalding,* 164 Minn. 443, 205 N. W. 374; *Kelly v. Anderson,* 156 Minn. 71, 194 N. W. 102; *Milton Holding Corp. v. Gross et al.,* 193 N. Y. S. 75; *Vann v. Union Cent. Life Ins. Co.,* 79 Okla. 17, 191 P. 175; *Luckenbach v. Laer,* 188 Cal. 175, 204 P. 591.

Assuming, without deciding, that such exception will be made in this jurisdiction if and when an appeal

is taken from a void judgment, order or decree, we are nevertheless confronted here with a record which discloses that the district court had jurisdiction of the person of the defendant, not only by service of summons upon him, but also by reason of his appearance by answer. This feature of jurisdiction over the person of the defendant distinguishes the instant case from *Frostproof State Bank v. Mallett,* supra, and *Milton Land and Investment Co. v. Our Home Life Insurance Co.,* supra.

We digress to observe also that *Vann v. Union Cent. Life Ins. Co.,* supra, is shown by the opinion in *Pennsylvania Co. v. Potter,* 108 Okla. 49, 233 P. 700, 705, to be supported by a provision of the Oklahoma statute which is not in the Oregon statutes. Oklahoma R. L. 1910, section 5236. Similarly *Luckenbach v. Laer,* supra, is distinguishable from the case at bar because it is controlled by a statutory provision unlike the Oregon statute. Subdiv. 2, sec. 963, Civil Procedure and Probate Codes of California.

The Minnesota cases, above cited, *Gasser v. Spalding,* supra, and *Kelly v. Anderson,* supra, were controlled by section 8001, Gen. Stat. of Minnesota, 1913, which by its terms expressly declared that an order refusing to vacate an unauthorized judgment is appealable. In the Gasser-Spalding case a judgment for want of an answer entered by the municipal court against the defendant was held to be unauthorized. That case was originally instituted in the justice court where issue was joined and a trial was had resulting in a judgment in favor of defendant. Plaintiff appealed to the municipal court. Two days before the justice's return was filed with the municipal court, this last named court made an order permitting plaintiff to file an

amended complaint. Later, upon application therefor by plaintiff, the municipal court reversed the judgment of the justice court and entered a judgment for want of an answer against defendant. The supreme court of Minnesota held that the municipal court had not acquired jurisdiction before the justice's return had been filed and hence had no authority to permit an amended complaint to be filed; and also that the answer filed in the justice court and included in the justice's return to the municipal court stood as the answer to the amended complaint. For these reasons, the supreme court held that the judgment of the municipal court was unauthorized.

In *Gasser v. Spalding,* supra, the Minnesota court held that an order, refusing to vacate a judgment which judgment is authorized by an order, is not appealable. There the distinction is drawn between an unauthorized judgment and one which is merely erroneous.

*Milton Holding Corporation v. Gross, et al.,* supra, is supported by statutory provisions. An appeal from an order granting a motion to set aside an order of dismissal in an action by a landlord for increased rentals was held to. be appealable because it was considered to be in effect a motion to relieve plaintiff from default in serving bill of particulars. Subdiv. 4, section 154, chap. 279, Vol. 1, Laws of New York 1915. The order was held to be appealable, if viewed other than as one relieving plaintiff from its default in failing to serve a further bill of particulars, because it was made by a justice other than the one, who made the order requiring plaintiff to file such bill of particulars, and the justice making the order vacating the original order was without authority to set aside the judgment rendered by his associate.

An adjournment was denied defendants except upon payment of $10.00, which adjournment the supreme court held the defendants to be entitled as a matter of right. This order was held to be appealable under the terms of subdiv. 8, section 154, chap. 279, Vol. 1, Laws of New York 1915, which expressly grants the right of appeal from an order which the court had no power to make.

■ In determining whether a judgment, order or decree is void as distinguished from being merely erroneous, we are controlled by the record as disclosed by the judgment roll. In the instant case, the district court was and is expressly vested with jurisdiction to enforce, marshal and foreclose liens upon personal property where the amount claimed for such liens does not exceed $1,000, and to render personal judgment therein in favor of any party. Subdiv. 6, section 13-302, Vol. 2, O. C. L. A. p. 428.

The amount claimed herein by plaintiff was $50.00.

Defendant argues that the lien herein is void for want of proper execution and verification, and through the processes requisite to confer jurisdiction.

To this point defendant cites two sections of the statute, one of them, section 67-602, Vol. 5, O. C. L. A. prescribes the form and contents of notice of such lien and time of filing. Exhibit A, attached to and made a part of plaintiff's complaint, is a copy of the notice of lien filed by plaintiff and it conforms to the provisions of said section 67-602. This section provides that the notice of the lien shall be verified by the oath of claimant, or by some one in his behalf having personal knowledge of the facts.

By his answer, defendant admits that plaintiff did file a lien notice in Multnomah County, Oregon.

■ The other section, cited to this point, by defendant is section 1-802, Vol. 1, O.C.L.A. This section prescribes who may verify pleadings. Defendant contends that plaintiff's complaint was not verified in accordance with the provisions of said section. The defect in the verification, if any, was a mere irregularity which was waived by filing an answer. *German Loan Society v. Kern,* 38 Or. 232, 237, 62 P. 788, 63 P. 1052; *State v. Chadwick and Brown,* 10 Or. 423.

*Borland v. Kingsbury,* 65 Mich. 59, 64, 31 N. W. 620, deals with a defective affidavit in attachment proceedings and not a defective verification of a complaint to which an answer was filed.

*Christman v. Salway,* 103 Or. 666, 694, 695, 205 P. 541, holds that where the signature of the notary public, before whom verification of notice of lien was made, is omitted from the jurat, the defect cannot be supplied by proof aliende. In the case at bar, the notary's signature was not omitted from the jurat.

The case of *Guillaume v. K. S. D. Land Co.,* 48 Or. 400, 86 P. 883, 88 P. 586, announced the principle that a corporation is represented by its officers, and a director thereof, or a stockholder possesses no authority as an individual to act for it unless such director or stockholder, as the case may be, has been appointed its agent, or his acts and declarations have been ratified by it. In the case at bar, the filing of the suit to foreclose certainly constituted a ratification by the plaintiff of the making and filing as well as the verification of notice of lien in suit.

The affidavit considered in the case of *Merriman Co. v. Thomas & Co.,* 103 Va. 24, 48 S. E. 490, was one which, if it had conformed to section 3286 of the Vir-

ginia Code of 1887, when filed in assumpsit with the declaration stating that the amount claimed is justly due, etc., would have prevented the filing of a plea in bar unless such plea in bar was verified, and in the absence of such verified plea in bar, plaintiff would have been entitled to judgment. In that case, defendant appeared by counsel and tendered his plea in writing in nonassumpsit to the filing of which plea plaintiff objected because it was not verified by affidavit. The affidavit accompanying plaintiff's declaration was made by one designating himself as plaintiff's bookkeeper. The Supreme Court of Appeals of Virginia held that the affidavit of the bookkeeper did not conform to the statute requiring plaintiff to file his affivadit. The statute of Oregon provides that the notice of lien shall be verified by claimant or *some one in his behalf* having personal knowledge of the facts. (Section 67-602, Vol. 5, O. C. L. A.) This distinguishes the case at bar from the Virginia case.

Moreover, the opinion in *Merriman Co. v. Thomas & Co.,* supra, was rendered in 1904 and in 1918, the Virginia legislature adopted a revised code known as Virginia Code 1919, section 276 of which is as follows:

"An affidavit by or for a corporation may be made by its president, vice-president, general manager, cashier, treasurer, or a director, without any special authorization therefor, or by any person authorized by a majority of its stockholders or directors to make the same; and when an affidavit is made by any person other than the principal authorized by law to make it, such person shall be deemed to have been the agent of the person so authorized until the contrary is made to appear." Section 276 Virginia Code 1919 (Unannotated) p. 115; sec. 276 Virginia Code 1942, (Annotated) p. 79.

The revisor's note to the above quoted section of the Virginia Code is as follows:

"Effect of Revision of 1919.—It has been held in several cases that officers and servants of a corporation were not ex officio agents of the corporation for the purpose of making affidavits. Merriman Co. v. Thomas & Co., 103 Va. 24, 48 S. E. 490, 'Bookkeeper;' Taylor v. Sutherlin-Meade Tobacco Co., 107 Va. 787, 60 S. E. 132, 'Secretary and Treasurer;' Damron v. Citizens Nat. Bank, 112 Va. 544, 72 S. E. 153, 'Vice President;' 'Director,' Clement v. Adams Bros.-Payne Co., 113 Va. 547, 75 S. E. 294, 'President'. Jones & Co. v. Hancock & Sons, 117 Va. 511, 85 S. E. 460. For the purpose of changing the law as announced in these cases, the revisors inserted this section. Judge Burks in 5 Va. Law Reg. (N. S.), 99.

The latter part of this section is intended to apply in all cases, whether the principal be a natural or artificial person. If the affidavit has been made by one purporting to act as the agent of another, the statute raises a prima facie presumption that he was such agent and throws the burden of showing the contrary on him who denies the agency. Judge Burks in 5 Va. Law Reg. (N. S.) 99." Virginia Code 1942, Ann. p. 79.

The fact that the revisors of the 1942 Virginia Code indicate by a cross within a square that the foregoing annotation was intended merely for the information of the legislature renders it no less enlightening with regard to the present status of the law of Virginia.

Defendant attacks plaintiff's complaint upon the ground that it contains conclusions of law rather than allegations of probative facts. This criticism might have been available, if plaintiff had filed an appropriate motion against the parts of plaintiff's complaint

subject to such objection. We find the following allegation in paragraph VI of plaintiff's complaint.

"That plaintiff proceeded to foreclose the said Notice of Lien hereto attached and marked 'Exhibit A' pursuant to the foreclosure methods set out in Section 67-606, Oregon Compiled Laws and the amendments thereto and directed the Sheriff of Multnomah County, Oregon, to seize the said automobile and hold the same pending the outcome of the action taken by virtue of 'Exhibit A' and the foreclosure and sale as provided in the above set forth code section; that said defendant Charles L. Yates has made a denial of the said lien necessitating this complaint."

In his answer, defendant expressly admits paragraph VI of plaintiff's complaint. In that state of the pleadings, we cannot concur in defendant's assertion that plaintiff's complaint is fatally defective. Defendant appeared in the district court by counsel; and, through his counsel, as well as by his own acumen, he was enabled to grasp the meaning and import of the allegations which he thus expressly admitted. Prior to joining issue by filing his answer, defendant could have filed a motion to make plaintiff's complaint more definite and certain based upon the fact that it is not expressly alleged in the complaint that when the sheriff took possession of the automobile in suit he delivered to the person having possession thereof a certified copy of the notice of lien together with an itemized bill of particulars; but no such motion was interposed and it not appearing that defendant was misled, or in any way prejudiced by the alleged failure of the sheriff to deliver such copies of the notice of lien and bill of particulars, the failure to tender that issue by a specific allegation in plaintiff's complaint, at most, was a mere

irregularity which defendant waived by filing an answer and going to trial upon the merits of plaintiff's claim.

*Bitting v. Douglas County,* 24 Or. 406, 33 P. 981, holds that a notice to establish a county road is fatally defective when it does not contain the date when the petition will be presented to the county court. In such matters, the posting of the required notice, as prescribed by the statute, is the exclusive means by which, if at all, the county court gains jurisdiction. In the case at bar, service of summons and appearance by answer to the merits gave the district court jurisdiction of the person.

*Tulloch v. Cockrum,* 115 Or. 601, 236 P. 1045, holds that a mechanic's lien for repairs on an automobile remaining in possession of the lien claimant cannot be foreclosed merely by advertisement and sale. The case at bar is one wherein the foreclosure was ordered by the district court after a trial upon the merits wherein the defendant appeared by attorney, filed an answer alleging defenses and participated in the trial.

*Duby v. Hicks,* 105 Or. 27, 209 P. 156, is a case wherein the complaint affirmatively alleged that certain facts were disclosed by the lien notice in question; but from the allegations of the complaint it appeared that the lien notice as filed contained no statement of the amount for which the lien was claimed, or that the plaintiffs were entitled to a lien for any amount. In the case at bar, a copy of the lien notice is attached to plaintiff's complaint and, as stated, conforms to the requirements of the statute.

*Fletcher Tire Co. v. Mahler,* 144 Or. 409, 24 P. 2d 1028, holds in effect that delivery of certified copies

of notice of liens to the sheriff for service instituted proceedings to foreclose such liens and when such procedure was so instituted the lien was not terminated because the foreclosure proceeding was not brought to final adjudication within one year from and after the expenditure of the work, labor or material for which such lien is claimed. That question is not involved in the case at bar.

*McCann v. Oregon Scenic Trips Co.,* 105 Or. 213, 209 P. 483, holds that where the allegations of a complaint fail to warrant the granting of equitable relief, but are sufficient to support a judgment at law, the plaintiff is entitled to have the case tried as an action at law.

That case is pertinent to the case at bar because of the principle announced in *Oldenburg v. Claggett,* 142 Or. 238, 20 P. (2d) 234. In that case it is said:

"The defendants did not demand a jury trial, but submitted their cause to the court sitting in equity and in fact asked the court to give them such general relief as the 'court might deem just and equitable'. When the defendants asked for equitable relief, and submitted their cause to the equitable jurisdiction of the court, they were precluded from raising the question of the court's jurisdiction. Municipal Security Co. v. Baker County, 33 Or. 338 (54 P. 174); O'Hara v. Parker, 27 Or. 156 (39 P. 1004); Kitcherside v. Myers, 10 Or. 21."

Defendant in the instant case prayed for "such other and further relief as to this court may seem equitable and just".

*Pilz v. Killingsworth,* 20 Or. 432, 26 P. 305, holds that a complaint in a case instituted to foreclose a mechanic's lien claimed by plaintiff, to be impressed

upon a "lot" in an incorporated city or town, is fatally defective, if it does not disclose that the land involved comprises a city as contradistinguished from a rural lot; and also, if it does not affirmatively appear from the complaint that the notice filed contained all the essential provisions required by the statute; that it was in proper form, verified as required and filed within the time prescribed. In the case at bar, under the construction we have given to the present statute prescribing the manner of verification of such notice, the complaint complies with the essential provisions required by statute.

■ We think that the decree of the district court was not void. The discussion with respect to the purported defects in plaintiff's complaint and its lien notice finds its place herein only because of the argument thereon presented by defendant.

■ It remains, therefore, for us to determine whether a substantial right of defendant is imperiled, which could not be considered and determined upon an appeal from the original decree of foreclosure rendered by the district court.

The only matter suggested by defendant as coming within that category arises because of the form of the order of the circuit court dismissing defendant's appeal from the district court. As stated, the circuit court employed the form prescribed by statute. All of the questions arising from a repetition of the original decree could have been presented upon appeal from such original decree.

■ Upon oral argument, as the writer understood defendant, he claimed that, because the use by the circuit court of the form prescribed by statute in entering an order of dismissal of the appeal of defendant, the

circuit court vested the supreme court with jurisdiction to entertain this appeal. That may have been an inadvertence due to the stress of argument and debate. We feel sure that upon more mature deliberation defendant will fully realize that jurisdiction is conferred upon this court only by constitutional or statutory authority and not by any mere form of an order employed by some other court.

We have given this appeal very careful consideration and have discussed it thus at length, not only because of its importance to the parties, but because we realize the handicap under which a party strives who acts as his own attorney.

The order of the circuit court dismissing the attempted appeal of defendant from the district court is affirmed.