TANZER, J.
The pleadings reflect that on August 3, 1974, a helicopter piloted by defendant Barker as the employee of the owner, defendant Mountain Air Helicopters, Inc., flew into plaintiffs power line. Plaintiff sued both the pilot and the owner for damages to the power line. Defendant Barker answered and plaintiff replied. Defendant Mountain Air answered and counterclaimed. Summary judgment was granted to plaintiff on the counterclaim. Both defendants appeal.[1] Proceedings on plaintiffs causes of action are in abeyance.
The threshold issue is whether the summary judgment for plaintiff on the counterclaim is an appealable order. Plaintiff has not moved to dismiss the appeal, but, because jurisdiction may not be based upon consent of the parties, we consider the issue of appealability.
 The only basis upon which the order may be considered appealable is ORS 19.010(2)(a) which provides:
"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:
"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.”
Application of this statute by the Supreme Court has been guided by the so-called "single judgment rule” designed to advance a policy of conservation of appellate court resources, Lulay v. Earle, Wolfer, 278 Or 511, 514, 564 P2d 1045 (1977),[2] not to mention those of *[1318] the litigants. Normally, an order which fails to resolve all the causes of action or the rights of all parties involved in a cause of action is not a final order. An appeal from it is premature. Its validity will be considered ultimately upon appeal from the final judgment or decree, if any.
Because the order of summary judgment for plaintiff on the counterclaim leaves plaintiffs cause of action against both defendants unresolved, it is not a final order and no appeal lies from it.
Appeal dismissed.

We need not consider the effect of defendant Barker’s joining in the notice of appeal from a judgment purportedly affecting only plaintiff and defendant Mountain Air.

The rigidity of the rule is criticized in Smith, Federal Rule 54(b) and Oregon’s Multiple Claim and Multiple Party Litigation, 54 Or L Rev 161, 164-65 (1975):
"In this statutory and constitutional context, Oregon courts permit only one judgment or decree to be entered in an action or suit and *[1318] require that a judgment or decree conclude every issue presented by the pleadings. Consequently, trial court decisions are not appealable if they dispose of fewer than all causes of action or suit, determine rights of fewer than all parties, or dispose of counterclaims when other issues remain undecided.” (Footnotes omitted.)
The rule is softened somewhat in Taylor v. Baker, 279 Or 139, 566 P2d 884 (1977), although the holding does not affect this case.