RADMACHER, *Respondent,*
*v.*
ARCHULETA et ux, *Appellants.*
(No. 17-816, SC No. 25561)

591 P2d 744

Steven T. Campbell of Campbell & Moberg, Seaside, argued the cause and filed a brief for appellants.

Michael J. Gentry of Tooze, Kerr, Peterson, Marshall & Shenker, Portland, argued the cause for respondent.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

HOLMAN, J.

**HOLMAN, J.**

■ This was a suit in equity brought to establish an easement across defendants' land and to require defendants to remove a fence. Plaintiff was awarded a decree and defendants appealed. This court raised the issue at the time of argument whether or not the notice of appeal had been timely filed and, thus, whether the court had jurisdiction. Counsel was subsequently requested to file memoranda on the subject. If the court is without jurisdiction to hear the appeal, it is its duty to dismiss the appeal upon its own motion. *Industrial Leasing v. Van Dyke,* 285 Or 375, 377, 591 P2d 352 (1979); *Martin v. City of Ashland et al,* 233 Or 512, 514, 378 P2d 711 (1963).

■ The decree of the trial court was filed on September 21, 1977. On October 3, 1977, defendants filed a motion entitled, "Motion in Arrest of Judgment and in the Alternative for a New Trial," which contained the following language:

"* * * COMES NOW the Defendants, * * * and pursuant to the provisions of ORS 18.140 and 17.615 respectfully moves the Court for an order setting aside the decree entered herein on or about September 21, 1977, by the Honorable Thomas E. Edison, Circuit Court Judge, as it pertains to Plaintiffs first cause of suit, *on the ground and for the reason that Defendants motion for directed verdict should have been granted because there was no evidence in the record* of an oral agreement between Plaintiffs and Defendants of any easement across Defendants property.

"In the alternative Defendants move this Court for a new trial on the same ground pursuant to ORS 18.140(3)." (Emphasis added.)

Thereafter, on October 27, 1977, the trial court denied the motion. On November 25, 1977, defendants filed their notice of appeal.

ORS 19.026 specifies the time within which an appeal must be filed. It provides:

[435]

"(1) Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from.

"(2) Where any party has served and filed a motion for a new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days from the earlier of the following dates:

"(a) The date of entry of the order disposing of the motion.

"(b) The date on which the motion is deemed denied, as provided in ORS 17.615.

"* * * * *."

Although the word "judgment" is used in ORS 19.026, in ORS 19.005 "judgment" as so used is defined as any appealable order, *including* decrees.[1]

Assuming defendants' motion is sufficient to permit any relief that a trial judge might allow under the sections pursuant to which defendants' motion was made, the issue presented by the above set of facts is whether ORS 18.140 and 17.615 have any application to suits in equity as distinguished from actions at law. ORS 18.140 has to do with the entry of judgments notwithstanding the verdict and ORS 17.615, with the granting of new trials. If either or both have application to suits in equity, under ORS 19.026(2) plaintiff's motion would preserve his right to appeal until 30 days after the motion is determined. ORS 18.140 provides, in part:

"(1) When it appears from the pleadings that the court has not jurisdiction of the subject of the action or the person of the defendant, or that the facts stated in the pleadings of the plaintiff or defendant, as the case may be, do not constitute a cause of action or

---

[1]   ORS 19.005 "* * * As used in this section and in ORS 19.023 to 19.065 and 19.074 to 19.190 unless the context otherwise requires:

"* * * * *.

"(2) 'Judgment' means judgment, decree or appealable order, as provided in ORS 19.010.

"* * * * *."

[436]

defense thereto, *or when a motion for a directed verdict which should have been granted has been refused and a verdict is rendered against the applicant,* the court may, on motion, render *a judgment notwithstanding the verdict,* or set aside any judgment which may have been entered and render another judgment, as the case may require.

"\* \* \* \* \*.

"A motion in the alternative for a new trial may be joined with a motion for judgment notwithstanding the verdict, \* \* \*.

"\* \* \* \* \*." (Emphasis added.)

A verdict is a decision or finding made by a jury. Black's Law Dictionary 1730 (4th ed 1951). This definition may, of course, be varied by statute and has been varied in Oregon to a limited extent. ORS 17.435 provides that in an *action at law* the findings of the court on the facts shall be deemed a "verdict." ORS 18.140 uses the word "judgment" and does not include "decree." Also, other parts of the statute[2] demonstrate that the legislature contemplated that a motion for a judgment notwithstanding the verdict should apply only to actions at law and not to suits in equity. This conclusion is further fortified by ORS 18.020, which provides:

"ORS 18.030, 18.050, subsection (3) of 18.060, ORS 18.070 to 18.100, 18.120 and 18.130 (1975 replacement part) shall apply to suits and the decrees therein."

The omission from this statute of ORS 18.140 demonstrates that the latter statute was not intended to have application to suits in equity.

ORS 17.615, which encompasses motions for a new trial, provides:

---

[2]    ORS 18.140. "\* \* \* \* \*.

"In any case where, in the opinion of the court, a motion for a directed verdict ought to be granted, it may nevertheless, at the request of the adverse party, submit the case *to the jury* with leave to the moving party to move for judgment in his favor if the verdict is otherwise than as would have been directed.

"\* \* \* \* \*." (Emphasis added.)

[437]

"A motion to set aside *a judgment* and for a new trial, with the affidavits, if any, in support thereof, shall be filed within 10 days after the filing of the judgment sought to be set aside, or such further time as the court may allow. When the adverse party is entitled to oppose the motion by counteraffidavits, he shall file the same within 10 days after the filing of the motion, or such further time as the court may allow. The motion shall be heard and determined by the court within 55 days from the time of the entry of judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied." (Emphasis added.)

This statute also refers only to a "judgment" and not to a "decree." The cases are legion which hold that it has application only to law actions and not to suits in equity. Many but not all of the cases so holding are collated in *Lane County Escrow v. Smith, Coe.,* 277 Or 273, 289, 560 P2d 608 (1977).

This being an equity case and ORS 18.140 and 17.615 having no application to suits in equity, defendants' motion under either statute failed to extend the time for filing their notice of appeal pursuant to ORS 19.026(2). The notice of appeal, not having been filed within 30 days from the entry of the trial court's decree, was not timely, and this court has no jurisdiction to hear the appeal.

Defendants' appeal is dismissed.