## FOX & SONS CONSTRUCTION CO., INC.,
### *Appellant,*
### *v.*
## ROY CARLTON, et al,
### *Defendants,*
### *and*
## INSURANCE COMPANY OF NORTH AMERICA,
### *Respondent.*

### (No. 75-140-L-2, CA 11743)

601 P2d 835

Darryl E. Johnson, Roseburg, argued the cause and filed the briefs for appellant.

Hugh B. Collins, Medford, argued the cause and filed the brief for respondent.

[689]

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

This action was tried to the court without a jury. Neither party requested special findings of fact prior to trial. A general finding and judgment for defendant was entered.[1] Plaintiff objected to the general finding and requested certain special findings. The relevant chronology of events was:

May 9, 1978 - Trial concluded.

June 7, 1978 - General finding of fact in favor of defendant filed.

June 12, 1978 - Judgment filed.

July 13, 1978 - Plaintiff's objection to findings of fact and conclusion of law, with request for certain special findings, filed.

July 25, 1978 - Plaintiff's notice of appeal filed.

We must first examine whether we have jurisdiction. *City of Hermiston v. ERB*, 280 Or 291, 570 P2d 663 (1977). ORS 19.026 provides that a notice of appeal shall be served and filed within 30 days after entry of judgment, subject to certain exceptions not relevant here. Plaintiff's notice of appeal was filed 43 days after entry of judgment. Plaintiff argues that because he filed an objection to the finding, ORS 17.431(4) operates to extend the time in which to appeal.

It is clear from a reading of ORS 17.431[2] as a whole

---

[1] The finding provides:

"* * * The Court being fully advised in the premises finds generally in favor of the defendant Insurance Company of North America and against the plaintiff and finds generally in favor of the plaintiff and against the defendants Carlton and DeBoer and concludes that judgment should be so entered."

[2] ORS 17.431 provides:

"(1) Whenever any party appearing in a civil proceeding tried by the court, whether at law, in equity or otherwise, so demands prior to the commencement of the trial, the court shall make special findings of fact, and shall state separately its conclusions of law thereon.

"(2) In the absence of such a demand for special findings, the court may make either general or special findings.

"(3) Within 10 days after the court has made its decision, any

that the tolling provided by subsection (4) applies only where there are special findings. It is not applicable to a general finding as in this case.

■ Under subsection (1), a court must make special findings of fact if a party requests such findings prior to trial. *See State Highway Com. v. DeLong Corp.*, 9 Or App 550, 591-92, 495 P2d 1215, 1235 *rev den* (1972), *cert den* 411 US 965 (1973). Neither party made such a request in this case. The court was not obliged to make special findings.

Under subsection (2), absent a request, the trial court may make either general or special findings. Here, the finding was general.

special findings requested by any party, or proposed by the court, shall be served upon all other parties who have appeared in the case and shall be filed with the clerk; and any such other party may, within 10 days after such service object to such proposed findings or any part thereof, and request other, different or additional special findings, whether or not such party has previously requested special findings. Any such objections or requests for other, different or additional special findings shall be heard and determined by the court within 30 days after the date of the filing thereof; and, if not so heard and determined, any such objections and requests for such other, different or additional special findings shall conclusively be deemed denied.

"(4) Upon (a) the determination of any objections to proposed special findings and of any requests for other, different or additional special findings, or (b) the expiration of the time for filing such objections and requests if none is filed, or (c) the expiration of the time at which such objections or requests are deemed denied, the court shall enter the appropriate order, judgment or decree. Any such judgment or decree filed prior to the expiration of the periods above set forth shall be deemed not entered until the expiration of said periods.

"(5) Prior to the expiration of the times provided in subsections (3) and (4) of this section, the time for serving and filing special findings, or for objecting to and requesting other, different or additional special findings, may be enlarged or shortened by the trial court upon the stipulation of the parties or for good cause shown; but in no event shall the time be extended more than 30 days.

"(6) Requests for findings or objections to findings are not necessary for purposes of appellate review."

We assume for purposes of appeal that plaintiff's objections and requests were timely filed per subsection (5). This statute is repealed by 1979 Oregon Laws, ch 284, § 199, and replaced by ORCP 62, effective January 1, 1980. In all respects material to this decision, ORCP 62 is identical to the present statute.

■ Subsection (3) provides for procedures after the court has made its "decision." It is clear from the context of the entire statute that the objection procedure authorized by subsection (3) is applicable only to "any special findings requested by any party, or proposed by the court." The procedure is not authorized where there is only a general finding. Where, as here, there is no special finding, a party cannot bring himself under the statute by objecting to a general finding in the same manner that he would use in the case of a special finding. Indeed, the Supreme Court has at least qualifiedly held that one may not object to a general finding under this subsection unless he made a pretrial request for special findings. *Pietz v. Del Mar Investment Co.,* 247 Or 468, 473, 431 P2d 275 (1967).

The tolling of the time period under subsection (4) is only operative where there have been special findings and in this case there were none. In legal effect, plaintiff's objection to the general finding was no more than a request for reconsideration. Such a request does not extend the time for filing of notice of appeal under ORS 19.026. Hence, the notice of appeal was untimely and we have no jurisdiction.

Appeal dismissed.