Argued and submitted May 11, appeal dismissed July 6,
reconsideration denied August 13,
petition for review denied September 9, 1981 (291 Or 514)

CREDIT BUREAU, INCORPORATED,
*Respondent,*

*v.*

MARSHALL et al,
*Appellants.*

(No. 79-2141-L-2, CA 18105)

630 P2d 910

James C. Wilson, Jr., Central Point, argued the cause and filed the brief for appellant.

John R. Hanson, Portland, argued the cause for respondent. With him on the brief was Cushing, Haberlach, Hanson and Black, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from an order granting plaintiff partial summary judgment in an action to recover on a money judgment. The procedural posture of the case has been the cause of some confusion, but on appeal one fact is clear: defendant has nothing to appeal from yet. Conversely, plaintiff has nothing to be enforced.[1]

The underlying facts are as follows. On July 14, 1977, Philip Toren was awarded a default judgment against defendant Marshall for some $39,500 in a partnership dissolution suit in Santa Clara County, California. Toren subsequently assigned the claim to plaintiff collection company, and plaintiff then filed this action in three counts: one to recover on the California judgment against defendant and two counts, totalling less than $200, for money judgments against defendant assigned to plaintiff by two other firms. Plaintiff filed a motion for summary judgment on the first count, based on affidavits by Toren and Toren's attorney. On February 19, 1980, an order was issued granting the partial summary judgment. The court ordered execution and it was docketed by the Jackson County clerk as a final judgment on February 25, 1980. Defendant's subsequent motions for reconsideration were denied, as were his motions to vacate and set aside the judgment. Notice of appeal was filed June 23, 1980.

First, the May 22, 1980 order denying defendant's motions to vacate and set aside the judgment, following which he filed this appeal, is not an appealable order. *See Unemployment Comp. Com. v. Bates,* 227 Or 357, 362 P2d 321 (1961); *Columbia Autoworks v. Yates,* 176 Or 295, 156 P2d 561 (1945); *Purdy v. Winters' Estate,* 85 Or 188, 166 P 536 (1917). Second, even assuming the summary judgment was appealable,[2] defendant's appeal from it comes too late;

---

[1] Defendant's appeal was, at first, dismissed by this court. The appeal was then reinstated without prejudice to plaintiff's right to raise the appealability issue. After hearing argument, we are again of the opinion that the appeal should be dismissed.

[2] It was not. ORS 18.125 provides that where there is more than one claim the court may direct the entry of a final judgment or decree as to only one of the causes of action "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment or decree." In

an appeal must be filed within 30 days of entry of the judgment. ORS 19.026(1). Motions for reconsideration or to vacate and set aside do not extend the time for filing an appeal. *See Radmacher v. Archuleta,* 285 Or 433, 591 P2d 744 (1979).

Appeal dismissed.

---

the case before us, the court made no "express determination that there is no just reason for delay." The entry of judgment was therefore not appropriate, and any attempted execution would be premature. *Kuvaas v. Cutrell,* 50 Or App 529, 532, 623 P2d 1116 (1981). As the order was not a final judgment pursuant to ORS 18.125, and because it "fails to resolve all the causes of action or the rights of the parties involved," *Central Lincoln PUD v. Mtn. Air Helicopters,* 31 Or App 1315, 1318, 572 P2d 662 (1977), it is not an appealable order. ORS 19.010(2)(e).