In the Matter of the Marriage of

# STATE ex rel JIMINEZ,
kna Delarosa,
*Appellant,*

*and*

# JIMINEZ,
*Respondent.*

(No. 45137, CA A20947)

637 P2d 928

Edward L. Daniels, Albany, argued the cause and filed the brief for appellant.

Ralph W. G. Wyckoff, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The parties' marriage was terminated by a decree of dissolution in November, 1975. Mother obtained an order to show cause why father should not be held in contempt for failure to pay the child support ordered in the decree. She also moved for an increase in child support. Following a consolidated hearing, the court orally ruled that father was not in contempt and that the child support provisions of the decree should not be modified. The trial court signed two separate orders disposing of the two motions. Mother's notice of appeal designates only the order denying the motion to hold father in contempt. In her brief, mother makes two separate contentions: first, that the court erred in declining to increase child support and, second, that it erred in refusing to hold father in contempt. Although the brief is addressed principally to the issue of the requested increase in child support, the order disposing of that motion was not designated in the notice of appeal. We decline to review that issue.

Child support provisions of a decree of dissolution may be enforced by contempt. ORS 23.020. A civil contempt proceeding is an action at law, and our scope of review is the same as in an action at law. ORS 33.150; *State ex rel. Hixson v. Hixson,* 199 Or 574, 263 P2d 603 (1953); *State ex rel. v. Bassett,* 166 Or 628, 113 P2d 432, 114 P2d 546 (1941). Our review is not *de novo* and is limited to determining if there is substantial evidence to support the finding of the trial court and whether the findings support the legal conclusion. The trial court made findings of fact, which are recited in the order. Mother does not contend that there was insufficient evidence to support the findings. The court found that, although father had failed to pay child support as ordered, he had done so because he did not have the financial ability to make the payments. We are bound by those findings.

Affirmed.