Argued and submitted June 20, appeal dismissed October 12, 1983

# SCHMIDLING,
*Respondent,*

*v.*

# DOVE,
*Appellant.*

## (D7905 63482; CA A25557)

670 P2d 166

Catherine N. Carroll, Portland, argued the cause and filed the brief for appellant.

Elizabeth Welch, Portland, argued the cause for respondent. With her on the brief was Doblie, Francesconi & Welch, PC, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this contempt proceeding, mother was awarded judgment against father for $7,000 pursuant to ORS 33.110 as indemnification for expenses incurred as a result of father's violation of the terms of a visitation order. Father appeals following denial of his "motion to reconsider," arguing that the evidence was not sufficient to sustain the amount of the award.

Mother and father are the parents of two minor children born out of wedlock. In 1979, mother was awarded custody subject to father's visitation rights. In July, 1980, father failed to return the children after a two-week visitation. Mother and her husband attempted to locate father and the children but were unsuccessful until March, 1981, when father telephoned mother and told her to come and retrieve the children in Alaska.

On June 3, 1982, father was found guilty of contempt for failure to comply with previous court orders regarding child support and visitation. The order included the indemnification award to mother. Father filed a "motion to reconsider" on June 16, 1982, which was denied July 15, 1982. His notice of appeal was filed August 13, 1982. Mother moved to dismiss the appeal, because it was not filed within 30 days after judgment as required by ORS 19.026. We denied mother's motion to dismiss with leave to renew the issue in her brief.

The threshold question is whether we have jurisdiction over an appeal filed more than 30 days after entry of judgment but within 30 days from the denial of a motion for reconsideration. ORS 19.026 provides in part:

"(1)   Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from.

"(2)   Where any party has served and filed a motion for a new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days after the earlier of the following dates:

"(a)   The date of entry of the order disposing of the motion.

> "(b) The date on which the motion is deemed denied, as provided in ORCP 63 D. or 64 F.
>
> "* * * * *"

We have previously held that, unlike a motion for a new trial, a motion for reconsideration does not extend the time limit for filing a notice of appeal. *Portello and Portello,* 62 Or App 475, 660 P2d 1098 (1983); *Credit Bureau v. Marshall,* 53 Or App 46, 630 P2d 910, *rev den* 291 Or 514 (1981); *see also Fox & Sons v. Carlton,* 42 Or App 689, 693, 601 P2d 835 (1979). Father attacks these holdings as ultimately founded in the recently abolished distinction between law and equity. Although noting that the motion for reconsideration is not found in the Oregon statutes or rules, he argues that it is used in equity in the same way as a motion for a new trial is used at law and that it should thus toll the running of the time for appeal in the same way as does a motion for a new trial under ORS 19.026(2).

In *Credit Bureau v. Marshall, supra,* a law action, we stated that a motion for reconsideration did not extend the time for filing a notice of appeal. We cited *Radmacher v. Archuleta,* 285 Or 433, 591 P2d 744 (1979), as authority for that conclusion. *See also Portello and Portello, supra.* In *Radmacher,* the court dismissed an appeal from a decree in equity as untimely. It had been taken within 30 days from the denial of a "Motion in Arrest of Judgment and in the Alternative for a New Trial," but not within thirty days from the decree. The court concluded that the motion had no application to suits in equity and thus considered inapplicable the provisions of ORS 19.026 which extend the time for appeal when there is a motion for judgment notwithstanding the verdict or a motion for a new trial. In reaching its conclusion, the court noted that the new trial statute, former ORS 17.615, referred to "judgments" and not "decrees" and that it was well-established that a motion for a new trial applied only at law, citing *Lane County Escrow v. Smith, Coe,* 277 Or 273, 289, 560 P2d 608 (1977), and *Radmacher v. Archuleta, supra,* 285 Or at 437-38. Thus, the foundation for the rule at issue does appear to have originated in the procedural distinction between law and equity, as father argues.

The parties have apparently proceeded on the basis that this is an equitable action. However, in *State ex rel*

*Jiminez and Jiminez,* 55 Or App 221, 637 P2d 928 (1981), *rev den* 292 Or 568 (1982), we held that a civil contempt proceeding was an action at law even though it arose from an action in equity.

■         The first question is whether *Radmacher* and *Credit Bureau* have continuing vitality under the rules of civil procedure that for most purposes abolished the distinction between law and equity. The second question is whether a motion for reconsideration can be treated as a motion which extends the time for filing an appeal pursuant to ORS 19.026.

In determining if *Credit Bureau* still states an authoritative principle, we must examine the authority on which it depends. This requires an analysis of whether under the Oregon Rules of Civil Procedure, a post-trial motion in equity can toll the time for filing an appeal. ORCP 2 abolishes the procedural distinctions between law and equity. It provides:

"There shall be one form of action known as a civil action. All procedural distinctions between actions at law and suits in equity are hereby abolished, except for those distinctions specifically provided for by these rules, by statute, or by the Constitution of this state."

In addition, ORS 174.590 provides:

"References in the statute laws of this state, * * * to actions, actions at law, proceedings at law, suits, suits in equity, proceedings in equity, judgments or decrees are not intended and shall not be construed to retain procedural distinctions between actions at law and suits in equity abolished by ORCP 2."

We conclude that these provisions have effectively overruled cases such as *Radmacher v. Archuleta, supra,* and *Lane County Escrow v. Smith, Coe, supra,* holding that motions for new trial are only available at law.

■         The so-called "motion for reconsideration" arose primarily in proceedings in equity in which new trials were formerly not available. It does not appear in ORCP or in any Oregon statute but has been spontaneously created by lawyers and permitted by the trial courts without statutory basis. We conclude that parties seeking reconsideration are in reality seeking the same action sought by a motion for a new trial.

ORCP 64A states:

> "A new trial is a re-examination of an issue of fact in the same court after judgment."

In cases tried without a jury, a new trial may be requested on any of the grounds for which one may be sought after jury trial, including insufficiency of the evidence and errors of law. ORCP 64C, 64B(5), (6). ORCP 64C also provides:

> "* * * On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

As described in ORCP 64, a motion for new trial serves essentially the same functions as the motion for reconsideration traditionally has served. With the abolition of the procedural distinction between law and equity there is no reason why a motion for a new trial is not available in equity.

Further, Rule 64 describes certain requirements which attend a motion for a new trial. For instance, the grounds for the motion are to be plainly specified, ORCP 64D, and the motion is to be filed not later than 10 days after the entry of the judgment sought to be set aside. ORCP 64F. A motion for a new trial not heard and determined within 55 days from the time of entry of judgment is deemed denied. ORCP 64F. The rule comprehensively defines the mode of filing and determining the motion. The limitations on the use of a motion which asks that some basis for the judgment be re-evaluated should not be thwarted by the use of a motion which serves the same function but is known as a "motion for reconsideration." *Cf. State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen,* 285 Or 179, 590 P2d 231 (1979) (motion to set aside a summary judgment corresponds to a motion for new trial, and policy of new trial statute—former ORS 17.615—would be undermined if ten-day filing deadline did not apply).

Henceforth the "motion for reconsideration" should not be used. Parties seeking "reconsideration" must do so by means of a motion for new trial under ORCP 64. Because the motion here denominated a motion for reconsideration seeks

the same ruling contemplated by a motion for new trial, we treat it as a motion for new trial.

■       For a motion for new trial effectively to toll the appeal period, the statute must be followed. The motion must be filed not later than 10 days after entry of the judgment. ORCP 64F. Because a motion for new trial extends the time for filing an appeal, it contains discrete time limits obviously designed to expedite the ultimate resolution of the case. By filing a motion for new trial beyond the time limits of ORCP 64F, a party could extend the appeal period beyond that allowed by ORS 19.026. In determining if the appeal was timely filed, we may examine whether the motion was proper, including whether it was timely filed. Clearly it was not in this case. It was filed beyond the 10-day limit and consequently could not extend the appeal period. We conclude that the appeal was not timely filed and we do not have jurisdiction. Wife's motion to dismiss the appeal is allowed.

Appeal dismissed. No costs to either party.