Argued and submitted March 5, appeal dismissed March 26, 1985

## DEPARTMENT OF REVENUE,
*Petitioner,*

*v.*

## CARPET WAREHOUSE, INC.,
*Defendant.*

(TC 1608)

## DEPARTMENT OF REVENUE,
*Petitioner,*

*v.*

## ALAN BOWKER CONSTRUCTION, INC.,
*Defendant.*

(TC 1610)

## DEPARTMENT OF REVENUE,
*Respondent,*

*v.*

## BOWKER,
*Appellant.*

(TC 1611)
(SC S30968)

697 P2d 554

Samuel B. Stewart, Judge.

W. Alan Bowker, appellant *pro se*, argued the cause and filed the brief.

James C. Wallace, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent.

PER CURIAM

## PER CURIAM

The Department of Revenue moves this court to dismiss defendant's appeal from a contempt order of the tax court on the ground that this court does not have jurisdiction over the issues raised by the defendant.

The defendant's first assignment of error is that the tax court erred in failing to inform him of his right to counsel at the contempt hearing held July 26, 1982. The defendant previously appealed from the trial court's contempt order, *Dept. of Rev. v. Carpet Warehouse,* 296 Or 400, 676 P2d 299 (1984). In that case we affirmed the tax court. There is no statutory authority allowing the defendant a second appeal on the same issue.

The defendant's second assignment of error asserts that the trial court improperly issued its "Order Enforcing Opinion and Decree" dated July 20, 1984. There can be no appeal from the trial court's order entered in obedience to a mandate from the Supreme Court. *State v. LaFollett,* 133 Or 706, 291 P 391 (1930).

The defendant's third assignment of error pertains to the trial court's refusal to quash the contempt order. Petitioner phrases the question: "Should the Tax Court Order denying the defendant's Motion to Quash and Motion in the Alternative to Motion to Quash be reversed and or remanded to the Tax Court?"

The defendant's Motion to Quash and Motion in the Alternative are equivalent to motions to vacate or modify an appealable order, and an order refusing such relief is not appealable. *Dressler v. Isaacs,* 236 Or 269, 387 P2d 364 (1964); *Unemployment Comp. Com. v. Bates,* 227 Or 357, 362 P2d 321 (1961).

The defendant's fourth assignment of error is that the Tax Court's Order Denying Motion to Quash and Motion in the Alternative to Motion to Quash improperly added a new requirement to the Peremptory Writ of Mandamus, *i.e.,* the submitted returns had to be acceptable as legally sufficient returns. The contested language added by the Tax Court, "until the required returns, as accepted by petitioner or as determined by this court," was mere surplusage and does not modify the Peremptory Writ of Mandamus.

The appeal is dismissed.