Argued and submitted May 17, 1985, at Pendleton, Oregon, appeal dismissed
November 14, 1985

FEHRENBACHER,
*Respondent,*

*v.*

FEHRENBACHER,
*Appellant.*

(27169; CA A33621)

708 P2d 1197

Garry L. Reynolds, Hermiston, argued the cause for appellant. With him on the brief was Morrison & Reynolds, P.C., *La Grande.*

Phillip A. Mendiguren, La Grande, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warren and Young, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

■ The parties obtained a decree of dissolution in 1979. On December 19, 1983, the trial court entered a judgment for mother against father for unpaid child support. Father did not appeal, but, on December 23, 1983, he moved for a new trial on the ground that the court had miscalculated the amount of unpaid child support. *See* ORCP 64B(6), 64C. The motion was not heard and determined within 55 days from the time the court entered the judgment, and it was therefore conclusively deemed denied. ORCP 64F. Father did not appeal the judgment within 30 days from the date on which the motion was deemed denied, although he could have. ORS 19.026(2)(b). On August 1, 1984, he moved for relief from the judgment for child support, again claiming that the court had miscalculated the amount and also claiming that part of the judgment had been satisfied before its entry. Father appeals from the order denying the motion.

The dispositive issue is whether we have jurisdiction. ORS 19.010(2)(c) provides:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"\* \* \* \* \*

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

Although the trial court's order fits within the literal terms of that statute, it is well established that an order denying a motion to vacate an appealable order, judgment or decree is not appealable. *Columbia Auto Works v. Yates,* 176 Or 295, 156 P2d 561 (1945); *Credit Bureau v. Marshall,* 53 Or App 46, 630 P2d 910, *rev den* 291 Or 514 (1981); *see also Dept. of Rev. v. Carpet Warehouse,* 299 Or 17, 697 P2d 554 (1985); *Waybrant v. Bernstein,* 294 Or 650, 661 P2d 931 (1983).

■ There are two exceptions to this general rule. One is that an order denying a motion to vacate a judgment made on the ground that the judgment was entered against a party as a result of his or her mistake, inadvertence, surprise or excusable neglect is appealable. *See Waybrant v. Bernstein, supra,* 294 Or at 654-55. The second is that an order denying a motion to vacate a judgment made on the ground that the judgment is void is appealable. *Salitan et al v. Dashney et al,*

219 Or 553, 559, 347 P2d 974 (1959); *Micek v. LeMaster,* 71 Or App 361, 364, 692 P2d 652 (1984), *rev den* 298 Or 773 (1985). Neither exception applies in this case. Father could have raised the issues raised in his motion in a direct appeal from the judgment. He is not entitled to a "second bite of the appellate apple." *Waybrant v. Bernstein, supra,* 294 Or at 654.

Appeal dismissed.