Argued and submitted June 8, 1987, appeal dismissed April 20, 1988

RUTH RENFROE,
*Appellant,*

*v.*

STATE OF OREGON et al,
*Respondents.*

(84 0395C; CA A40301)

752 P2d 1245

Linda Love, Portland, argued the cause for appellant. On the briefs were James L. Francesconi, and Francesconi & Cash, P.C., Portland.

Dave Frohnmayer, Attorney General, and Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent State of Oregon.

I. Franklin Hunsaker, III, Portland, argued the cause for respondent County of Washington. With him on the brief were Thomas D. Adams, Douglas R. Andres, and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff sued the State and Washington County, seeking damages for their alleged negligence.[1] The only allegation still in issue is that the county was negligent in failing to install a "stop ahead" warning sign on an approach to a controlled intersection. The trial court granted the county a summary judgment on the ground that it is immune from liability under ORS 30.265(3)(c). Plaintiff appeals.

County contends that we lack jurisdiction, because the notice of appeal was not sufficient.

On May 2, 1986, the trial court granted county's motion for summary judgment by an order; on May 9, plaintiff filed a "Motion to Reconsider"; on May 16, a summary judgment complying with ORCP 67B was entered; on May 29, the trial court denied the motion to reconsider, but no order was entered. Under ORS 19.026(1), plaintiff had 30 days after the entry of the judgment in which to file a notice of appeal. The only thing which could extend that period would be the filing of a motion for judgment notwithstanding the verdict, or for a new trial. ORS 19.026(2). Even though no judgment had been entered, the motion to reconsider was the functional equivalent of a motion for a new trial, despite the precise wording of ORCP 64F requiring that a judgment have previously been entered. *Carter v. U.S. National Bank,* 304 Or 538, 747 P2d 980 (1987).[2] On June 6, plaintiff filed a notice of appeal. That deprived the trial court of jurisdiction to enter an order. ORS 19.033. The notice of appeal was premature and, therefore, a nullity. *Alternative Realty v. Michaels,* 90 Or App 280, 753 P2d 419 (1988); *see also Carter v. U.S. National Bank, supra; Schmidling v. Dove,* 65 Or App 1, 670 P2d 166 (1983); *Highway v. Fisch-Or, supra* n 2; *Mitchell & Lewis Co. v. Downing,* 23 Or 448, 32 P 394 (1893).[3]

---

[1] The state did not appear in the trial court or this court.

[2] In *Carter,* the order for summary judgment was entered on February 24; the motion to reconsider was filed on February 27; the judgment was entered on March 3; and the order vacating the judgment was entered on March 20. In the absence of an objection based on untimeliness, the motion was treated as timely. *See Highway Commission v. Fisch-Or,* 241 Or 412, 399 P2d 1011, 406 P2d 539 (1965).

[3] The "motion to reconsider" was improperly captioned. *See Alternative Realty v. Michaels, supra.*

Appeal dismissed.