Argued and submitted October 13, appeal dismissed November 29, 1989

## CASEY JONES WELL DRILLING, INC.,
*Appellant,*

*v.*

## SLAYDEN AND HOLM, INC.,
*Defendant,*

*and*

## SLAYDEN CONSTRUCTION COMPANY, INC., et al,
*Respondents.*

(16-88-04552; CA A51115)

783 P2d 28

William P. Koontz, Cottage Grove, argued the cause and filed the brief for appellant.

Jeffrey S. Merrick, Portland, argued the cause for respondents. With him on the brief was Allen, Kilmer, Schrader, Yazbeck & Chenoweth, P.C., Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Plaintiff seeks to set aside alleged fraudulent conveyances and to impose liability for a debt of a dissolved corporation on the distributees of the corporation's assets. We dismiss the appeal as premature.

On December 13, 1988, the trial court entered an order granting defendants' motion for summary judgment. On December 28, 1988, plaintiff filed a "motion for reconsideration" of the ruling.[1] On January 9, 1989, the court entered judgment in defendants' favor without having ruled on the motion. On February 8, 1989, plaintiff filed its notice of appeal.

We considered an essentially identical sequence of events in *Renfroe v. State of Oregon,* 90 Or App 446, 752 P2d 1245 (1988), and held that the appeal was premature. As in *Renfroe,* the motion for reconsideration in this case was the functional equivalent of a motion for new trial. The judgment, therefore, was not final until the court had ruled on the motion or it was deemed denied under ORCP 64F. The notice of appeal deprived the trial court of jurisdiction to rule on the motion. It will regain jurisdiction after the appellate judgment issues dismissing the appeal. If it thereafter denies the motion, or if the motion is deemed denied under ORCP 64F, plaintiff may file a new notice of appeal.

Appeal dismissed.

---

[1] "The so-called 'motion for reconsideration' appears neither in the Oregon *Rules of Civil Procedure* nor in any other Oregon statute. Lawyers filing motions to reconsider * * * might better denominate such a motion as a 'motion asking for trouble[.]' " *Carter v. U.S. National Bank,* 304 Or 538, 546, 747 P2d 980 (1987) (Peterson, C. J., concurring).