Argued and submitted July 5, appeal dismissed October 12, 1994

STATE OF OREGON,
DEPARTMENT OF HUMAN RESOURCES,
*Respondent,*
*and*

Lori D. KUSCHNICK,
*Obligee - Respondent,*

*v.*

Randy L. LOVELL,
*Appellant.*

(146825; CA A81354)

882 P2d 1139

Darrell E. Bewley argued the cause for appellant. With him on the brief was Estell and Bewley.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent Department of Human Resources. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance by obligee - respondent Lori D. Kuschnick.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Father appeals from an order denying his motion to vacate an *ex parte* order obtained by the Department of Human Resources (DHR) to withhold workers' compensation benefits. We dismiss the appeal.

Father was injured at work and entered into a settlement of that claim with the insurer. The terms of the agreement provided that father would release his right to temporary and permanent disability, vocational rehabilitation and survivor's benefits in exchange for a lump sum payment. DHR filed a motion *ex parte*, seeking an order directing the insurer to withhold 25 percent of the settlement, because father owed past-due child support payments. The trial court granted the motion and father did not appeal. More than seven months later, father moved to vacate the *ex parte* order, contending that "the order rendered is not supported by statute or finding of fact, and therefore is invalid and voidable and should be set aside." The trial court denied the motion.

The threshold issue is whether we have jurisdiction. ORS 19.010(2) provides, in part:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(c)   A final order affecting a substantial right, and made in a proceeding after judgment or decree."

Although the trial court's order denying father's motion fits within the literal terms of that statute, it is well established that an order denying a motion to vacate an appealable order or judgment is not appealable. *Columbia Auto Works v. Yates*, 176 Or 295, 156 P2d 561 (1945); *Fehrenbacher v. Fehrenbacher*, 76 Or App 244, 246, 708 P2d 1197 (1985).[1] Father could have raised the issues raised in his motion on direct appeal, but he did not.

Appeal dismissed.

---

[1] There are two exceptions to the general rule. Neither applies in this case.