Argued and submitted June 19, affirmed October 22, 2003

In the Matter of the Suspension of
the Driving Privilege of

KENNETH MYRLE SORENSON,
*Respondent,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES DIVISION (DMV),
*Appellant.*

02CV0022CC; A117976

78 P3d 145

David F. Coursen, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Charles Lee argued the cause for respondent. With him on the brief was Lee & Kaser, P. C.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Schuman, Judge.

EDMONDS, P. J.

---

* Deits, C. J., *vice* Kistler, J., resigned.

## EDMONDS, P. J.

The Driver and Motor Vehicle Service Division (DMV) appeals after the trial court vacated the suspension of petitioner's driving privileges because DMV did not comply with Uniform Trial Court Rule (UTCR) 10.020(1).[1] That rule requires DMV to prepare and file a record of the administrative proceeding with the trial court within 30 days of the service of the petition for review of the suspension order. We affirm.

Petitioner was involved in a single-car accident that led to his arrest for driving while under the influence of intoxicants. ORS 813.010. He refused to submit to a Breathalyzer test, and, consequently, DMV suspended his driving privileges. Petitioner requested a hearing before DMV regarding the suspension. DMV upheld the suspension. Thereafter, on January 4, 2002, petitioner served a petition for judicial review by the circuit court on DMV. DMV did not file the record within 30 days from that date as required by UTCR 10.020(1). Accordingly, petitioner moved on February 6 for judgment in his favor as a matter of law and to have the suspension order vacated because of DMV's failure to comply with the rule. Ultimately, DMV filed its record on February 15. However, the trial court granted petitioner's motion by written order on March 5.

■ UTCR 10.020(1) provides, in relevant part:

"When a petition is served on the DMV, the DMV must prepare the record of the proceeding, including a transcription of the oral proceedings, or the agreed portion thereof if the parties have stipulated to shorten the record, and all exhibits introduced and made a part of the record at the hearing. * * * The DMV must file the original record with the trial court administrator within 30 days of service of the petition for review. * * * On good cause shown, the court may extend the time for the filing of the record."

---

[1] All references in this opinion are to the 2002 Uniform Trial Court Rules.

On appeal, DMV argues in its first assignment of error that the trial court lacked authority to set aside the suspension order. It contends that the exclusive grounds for setting aside such an order are found in ORS 813.450(4), which requires a court to "affirm the department's order unless it finds" an erroneous interpretation of law by DMV, that DMV acted outside its range of discretion, or that there is an absence of substantial evidence to support DMV's decision. Thus, according to DMV, the court erred by construing ORS 813.450 to include authority to vacate a suspension order on a ground not included within its provisions. Second, it points to the provisions of ORS 1.002(1), which authorize the Chief Justice of the Supreme Court to make rules "consistent with applicable provisions of law[.]" Because the Uniform Trial Court Rules were issued pursuant to the authority of ORS 1.002(1),[2] it follows, according to DMV, that the Uniform Trial Court Rules cannot be interpreted to grant authority that is inconsistent with ORS 813.450. Finally, it argues that, because ORS 813.450 applies to the specific circumstances of this case, and UTCR 1.090 provides in general for sanctions for the violation of the Uniform Trial Court Rules, the more specific statute controls. *See* ORS 174.020(2).

The above issues were not raised by DMV in its initial response to petitioner's motion. Rather, it argued initially that "[p]etitioner's motion must be denied, because good cause supports extending the time for filing of the record under UTCR 10.020(1), and petitioner has not suffered any prejudice as a result of any delay in filing the hearing record." In support of its argument, DMV asserted that the delay in filing was due to its clerk's negligence in transposing numbers regarding when the record had to be filed. In an order signed March 5, and entered March 6, the trial court rejected that argument, granted petitioner's motion for relief and instructed his counsel to prepare a judgment. In the order, it reasoned:

> "The question presented is whether the negligence of the clerk is 'good cause' for relief from the rules as provided in UTCR 1.100. The court does not find the negligence of the clerk is 'good cause' for the court to provide exception to the

---

[2] *Coleman and Coleman*, 117 Or App 333, 335, 844 P2d 234 (1992).

rules. The petitioner is required to follow the rules of procedure. The court is required to follow the rules of procedure. The court believes the State should be required to follow the rules of procedure. The intent of the Uniform Trial Court Rules, Chapter 10 is to provide speedy due process to a person who[se] driving privileges have been suspended."

On March 11, 2002, DMV moved for reconsideration and raised for the first time the issue of whether ORS 813.450 constitutes the exclusive authority for a trial court to set aside a suspension order in this context. The implication of DMV's previous response had been that UTCR 10.020(1) authorized the vacation of the suspension order but that the court ought to exercise its discretion under UTCR 1.100 to grant relief from the application of the rule based on good cause shown.[3] Petitioner responded to DMV's motion for reconsideration by arguing that, because it was filed after the order authorizing the entry of judgment on behalf of petitioner, it should be considered as a motion for a new trial under ORCP 64. The trial court signed the judgment on March 13 and entered it March 28, vacating DMV's suspension order, awarding costs and fees to petitioner, and providing that the latter would be determined under ORCP 68.[4] On March 26, the parties appeared for oral argument on the motion for reconsideration. Counsel for DMV told the court that it had the authority to modify the judgment under ORCP 71 C. Counsel for petitioner again asserted that, "under Oregon law, there isn't such a thing as a motion to reconsider," that DMV's motion should be treated as a motion for a new trial, and that the motion had been properly decided on the merits. Counsel for DMV responded,

"This is a motion for reconsideration, which is not a rule 64 motion. It is, perhaps, of mysterious origin, but it's commonly associated in order to bring matters of justice before

---

[3] UTCR 1.100 provides that "[r]elief from application of these rules * * * in an individual case may be given by a judge on good cause shown if necessary to prevent hardship or injustice."

[4] In a letter to counsel dated March 21, the trial court expressed regret that it had signed the judgment before hearing oral argument on the motion for reconsideration. It stated that it was not its practice to sign a judgment while a motion for reconsideration was pending and that it had been unaware of the motion for reconsideration because of its trial schedule.

the Court when issues should be raised during an order or a judgment."

The trial court denied DMV's motion for reconsideration without ruling on the procedural argument raised by petitioner and signed an order to that effect on April 9.

DMV's first assignment of error states, "The circuit court erred in setting aside the suspension without a statutory basis for doing so." DMV says that this issue was preserved by its motion for reconsideration. We deduce from that statement that, in substance, DMV is seeking review of the order denying its motion for reconsideration. Otherwise, it has not complied with the preservation requirements of ORAP 5.45. Petitioner's counsel's argument to the trial court was correct despite DMV's contrary argument. DMV's motion for reconsideration made after entry of the March 6 order was the functional equivalent of a motion for a new trial made under ORCP 64 C.[5] *See Carter v. U. S. National Bank*, 304 Or 538, 544-46, 747 P2d 980 (1987) (holding that a motion to reconsider a summary judgment order implicated ORCP 64 even though no judgment has been entered at the time);[6] *see also Renfroe v. State of Oregon*, 90 Or App 446, 448, 752 P2d 1245 (1988).[7]

---

[5] ORCP 64 C provides authority to grant a new trial in an action tried without a jury on any grounds set forth in ORCP 64 B where applicable.

[6] In *Carter*, the court held that a summary judgment proceeding qualifies as a trial for purposes of ORCP 64 even though ORCP 47 requires a determination that a party is entitled to judgment as a matter of law. 304 Or at 544-46. The trial court ruling in this case determined that petitioner was entitled to judgment as a matter of law because of DMV's failure to timely file a record.

[7] Our holding in *Renfroe* followed *Carter*, in which the court held that a motion for reconsideration functioned as a motion to set aside a judgment and grant a new trial even though the judgment was entered after the motion was filed. The facts in this case are analogous to the facts in *Carter*. (However, the issue in *Carter* was whether there existed an appealable order.) In *Carter*, the order granting summary judgment was entered on February 24, the motion to reconsider the grant of the motion was filed on February 27, the judgment pursuant to the motion for summary judgment was entered on March 3, and the order vacating the judgment from which the appeal was taken was entered on March 20. 304 Or at 540. Chief Justice Peterson, in a concurrence in *Carter*, warned, "The so-called 'motion for reconsideration' appears neither in the Oregon Rules of Procedure nor in any other Oregon statute. Lawyers filing motions to reconsider after entry of judgment might better denominate such a motion as a 'motion asking for trouble[.]' " *Id.* at 546 (Peterson, C. J., concurring).

The only ground applicable to this case under ORCP 64 B as incorporated by ORCP 64 C is section B(6). That section provides that a court may grant a new trial where there is an "[e]rror in law occurring at the trial *and objected to or excepted to by the party making the application.*" (Emphasis added.) Here, DMV did not assert in the trial court that the trial court lacked authority to vacate the suspension. Rather, it implicitly suggested that the court could set aside the suspension but should not do so because there was good cause for the delay. In contrast, in its motion for reconsideration, it asserted a new claim of error, *i.e.*, that the court lacked authority to set aside the order. It follows that DMV does not assert a cognizable ground for relief under ORCP 64 C because of its failure to raise that claim of error in the trial court before entry of the order granting petitioner's motion.

In its second assignment of error, DMV argues that "[t]he circuit court erred in imposing a sanction under UTCR 1.090(2) for actions that did not meet the requirements for such a sanction." DMV argues that it preserved that issue by arguing in its initial response to petitioner's motion that petitioner "has not suffered any prejudice as a result of any delay in filing the hearing record" and that its error "is a simple error unlikely to be repeated, not a willful violation of the rule." UTCR 1.090(1) provides that a court may strike a pleading or other document for failure to file it within the time required by the rules. UTCR 1.090(2) provides:

"For willful and prejudicial resistance or refusal to comply with UTCR or SLR, the court, on its own motion or that of a party after opportunity for a hearing, may award reasonable costs, expenses and attorneys fees incurred by a party, attorney or the court as a result of that failure, strike the offending pleading or other document, or treat as established an allegation or claim."

DMV concludes that the undisputed evidence that its clerk made a negligent mistake does not rise to the level of a willful refusal to comply with UTCR 10.020 and, therefore, the trial court erred in vacating its suspension order.

■    The short answer to DMV's assignment of error is that it did not raise any issue to the trial court under UTCR 1.090 as required by ORAP 5.45. DMV's initial memorandum

does not mention UTCR 1.090 or "sanctions." Rather, its arguments were made in the context of seeking relief from the provisions of UTCR 10.020 as authorized under UTCR 1.100. The reasoning of the trial court's order also supports that understanding. One of the purposes of preservation is to permit the trial court to understand an issue and correct any error before an appeal occurs. *State v. Brown*, 310 Or 347, 356, 800 P2d 259 (1990). An issue regarding relief from a violation based on good cause under UTCR 1.100 is entirely different from an issue about whether sanctions for the willful refusal to comply with a rule are available. Under the circumstances, we decline to review DMV's second assignment of error.

Affirmed.